■ SYDELLE C. COOPERSMITH, Respondent, v RICHARD L. GOLD et al., Appellants.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Kelly, J.), entered March 13, 1990 in Rockland County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action against defendant Richard L. Gold (hereinafter defendant), a psychiatrist, as well as his corporate practice, for malpractice, fraud and battery all allegedly arising out of defendant's inappropriate treatment of plaintiff. After issue was joined and disclosure completed, defendants moved for summary judgment on the grounds that plaintiff's causes of action were time barred by the applicable Statute of Limitations and that the complaint insofar as it alleged fraud and battery failed to state a cause of action. Supreme Court denied the motion in its entirety and this appeal ensued.

The pertinent facts necessary for resolution of the issues before us, as gleaned from the complaint, plaintiff's deposition and affidavit, and the affidavit of Burton August, plaintiff's attending psychiatrist, follow. Plaintiff consulted with defendant in October 1980 in connection with marital problems she was encountering. Defendant diagnosed plaintiff as suffering from anxiety reaction and began therapy. According to plaintiff, during an appointment in February 1981 defendant embraced plaintiff and kissed her passionately. Plaintiff experienced overwhelming romantic feelings toward defendant. The following day plaintiff asked defendant if she was experiencing "transference", a term she remembered from college psychology classes, and defendant responded that she was not. Plaintiff also claims that in the next therapy session she and defendant engaged in sexual relations and continued to do so

during ensuing therapy sessions. It is unclear exactly when therapy terminated. Plaintiff testified that the physician-patient relationship terminated in February 1981 when the two kissed for the first time, but further testified that she continued to regard defendant as her therapist. Defendant averred that he last treated plaintiff on April 13, 1981 and denies any improper contact with plaintiff. In any event, plaintiff claimed that the sexual encounters continued until the spring of 1984. Thereafter, plaintiff stated that she and defendant saw each other weekly until September 1985 when plaintiff confronted defendant at his office insisting that he make clear his intentions toward her. Defendant denied their affair and had plaintiff thrown out of his office. Plaintiff commenced this action in March 1986.

Defendants contend that the cause of action for malpractice is time barred since the last treatment rendered by defendant was in April 1981. Plaintiff claims that defendants are equitably estopped from raising the Statute of Limitations defense. The Court of Appeals has held that the doctrine of equitable estoppel is available to extend the period of limitations in medical malpractice actions (*Simcuski v Saeli*, 44 NY2d 442). The burden is on the plaintiff to establish that the action was brought within a reasonable time after the facts giving rise to the estoppel have ceased to be operational (*supra*, at 450). Here, plaintiff's theory, supported by competent evidence in admissible evidentiary form, is that her affair with defendant was the result of a psychiatric phenomenon known as "transference". Plaintiff contends that defendant knew or should have known that her romantic feelings about him were borne out of transference but that he falsely advised her that such was not the case in order to exploit her sexually. Plaintiff also claims that she was unable to appreciate the "reality" of her situation and understand defendant's actions as malpractice until he finally denied their love affair in September 1985. Plaintiff has thus presented facts which, if credited by a jury, demonstrate that the long delay between the accrual of the cause of action and the institution of the legal proceeding was the result of defendant's affirmative wrongdoing (*see, General Stencils v Chiappa*, 18 NY2d 125). This constitutes an issue of fact for resolution by a jury. Finally, it cannot be said, as a matter of law, that plaintiff failed to commence this action within a reasonable time after the facts giving rise to the estoppel ceased to be operational (*see, Edmonds v Getchonis*, 150 AD2d 879, 882).

Next, defendants contend that Supreme Court erred in

determining that there were triable issues of fact with regard to plaintiff's cause of action for fraud. We agree. The rule is well established that concealment by a physician or failure to disclose his own malpractice does not give rise to a cause of action in fraud or deceit separate from the customary malpractice action *(Simcuski v Saeli, supra)*. It is only when the alleged fraud occurs separately from and subsequent to the malpractice that a plaintiff is entitled to allege and prove a cause of action for intentional tort *(supra,* at 451-452), and then only where the fraud claim gives rise to damages separate and distinct from those flowing from the malpractice *(LaBrake v Enzien,* 167 AD2d 709). In the case at bar, the alleged fraud is part and parcel of the alleged sexualization of the physician-patient relationship and the injury and damage caused by the fraud are the same as those caused by the malpractice. Accordingly, plaintiff has failed to state a cause of action separate and distinct from the cause of action for malpractice.

Finally, defendants claim that Supreme Court erred in denying their motion to dismiss plaintiff's cause of action for battery. We agree. Battery is the intentional physical contact with another person without that person's consent *(Mason v Cohn,* 108 Misc 2d 674). In this case, plaintiff testified that she consented to have sexual intercourse with defendant and her psychiatrist has rendered an opinion that the sexual relationship was consensual. Plaintiff claims, nevertheless, that her consent was invalid because it was fraudulently induced. While plaintiff denominates her cause of action as one for rape and battery, she has, in reality, pleaded a cause of action for seduction which contemplates any conduct on the part of a man, without the use of force, in wrongfully inducing a woman to surrender to his sexual desires *(see, Tuck v Tuck,* 18 AD2d 101, 104, *revd* 14 NY2d 341). That cause of action has been abolished in this State (Civil Rights Law § 80-a).

Order modified, on the law, with costs to defendants, by reversing so much thereof as denied defendants' motion with respect to the causes of action for fraud and battery; motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed. Mikoll, J. P., Yesawich, Jr., Levine, Mercure and Crew III, JJ., concur.