■ WALTER HOWE, Respondent, v PAULO E. AMPIL, Appellant.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Green, J.), entered February 27, 1991 in Orange County, upon a verdict rendered in favor of plaintiff.

In 1981 defendant, a specialist in internal medicine, treated plaintiff for complaints of chest pains and shortness of breath. X rays revealed a spot on the left lung and a subsequent needle biopsy report indicated that plaintiff had a malignant cancer. Defendant referred plaintiff to a general surgeon, Robert Rakov, who removed the upper half of plaintiff's lung. Pathological examination of the lung tissue the following day revealed that plaintiff's tumor was benign. Defendant failed to inform plaintiff that he did not have cancer, but rather led him to believe that all of the cancer had been successfully removed. Shortly after the surgery, plaintiff again began to experience chest pain and shortness of breath for which he treated with defendant from 1981 to March 1983. During that time plaintiff was despondent because he believed he still had cancer or that the cancer had reappeared.

In 1983 plaintiff began treating with a lung specialist who, upon reviewing plaintiff's records, informed him that he never had cancer. Following that advice plaintiff's depression subsided. Plaintiff commenced this action against defendant for fraudulent concealment seeking money damages for his mental anguish and suffering. Following a jury trial a verdict was rendered in favor of plaintiff in the amount of $60,000. This appeal by defendant ensued.

Initially, defendant contends that plaintiff failed to make out a prima facie case for fraudulent concealment in that he failed to prove damages separate and distinct from malpractice. We disagree. It is clear, as asserted by defendant, that concealment by a physician or failure to disclose his own malpractice does not give rise to a cause of action in fraud separate and distinct from the customary malpractice action *(see, Coopersmith v Gold,* 172 AD2d 982, 984). However, where a physician, acting with knowledge of prior malpractice, makes subsequent misrepresentations in an attempt to conceal the earlier negligence and those misrepresentations give rise to damages separate and distinct from those flowing from the malpractice, the plaintiff has a cause of action for intentional tort *(see, Simcuski v Saeli,* 44 NY2d 442, 453, 454; *LaBrake v Enzien,* 167 AD2d 709). In the case at bar, plaintiff claims that defendant falsely represented that the surgical procedure had successfully removed all of his cancer, that he did so with intent to deceive plaintiff from the fact that he never had cancer and that as a result plaintiff suffered emotional distress. Contrary to defendant's contention, plaintiff did not seek damages for the negligent removal of his lung but rather for the emotional distress he incurred subsequent to the surgery in the belief that he still had cancer or that his prior cancer had returned. Accordingly, plaintiff properly pleaded and proved a cause of action for fraudulent concealment.

During the course of the trial Rakov was called on behalf of defendant and testified that he told plaintiff the "wonderful news" that his tumor was benign. Plaintiff then sought to call his wife as a rebuttal witness. Defendant objected to her testimony on the ground that in response to defendant's demand for witnesses, plaintiff had not listed his wife. Supreme Court overruled the objection and plaintiff's wife testified that she was present in plaintiff's hospital room when Rakov told him that "during the operation * * * they made sure they got enough cells all around this growth, that enough tissue was taken out and the cancer was removed * * * [plaintiff] would need no further treatment for cancer, no chemotherapy, no radiation, nothing else because they took out enough tissue". In *Marshall v Davies* (78 NY 414) the Court of Appeals held that "[r]ebutting evidence * * * means, not merely evidence which contradicts the witnesses on the opposite side and corroborates those of the party who began, but evidence in denial of some affirmative fact which the answering party has endeavored to prove" *(supra,* at 420).

Defendant endeavored to prove through Rakov that plaintiff knew he never had cancer. Plaintiff's wife was properly called as a rebuttal witness. She was not a liability witness in the sense that she was testifying as to the fraud allegedly perpetrated upon plaintiff by defendant. Rather, she was called to disprove the testimony of Rakov that he told plaintiff that his tumor was benign. Accordingly, the testimony of plaintiff's wife was proper rebuttal since it impeached the credibility of Rakov and corroborated that of plaintiff (see, Richardson, Evidence § 517, at 508 [Prince 10th ed]; Fisch, NY Evidence § 326, at 211 [2d ed]).

We have reviewed defendant's remaining contentions and find them to be unpersuasive and without merit.

Mikoll, J. P., Yesawich Jr., Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.