■ SUSAN M. OWEN, Appellant, v ANN H. APPELBAUM, Respondent. [613 NYS2d 504] —White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Coppola, J.), entered August 4, 1992 in Westchester County, which, *inter alia*, granted defendant's motion to dismiss the complaint as barred by the Statute of Limitations.

---

Plaintiff's complaint alleges that in September 1977 defendant, a staff psychiatrist at the Menninger Foundation in Topeka, Kansas, began providing psychotherapy treatment to plaintiff, a physician doing a psychiatric residency at that institution. The complaint alleges that in November 1977 defendant told plaintiff that she needed psychoanalysis but fraudulently concealed from plaintiff that she would be moving her practice to Kansas City, Kansas. Thereafter, it is alleged that defendant falsely represented to plaintiff that she would have to move to Kansas City in order to complete her analysis. The complaint further alleges that plaintiff relied on this representation and, with her nine-year-old daughter, moved to Kansas City. In 1980, plaintiff moved to Westchester County for the same reason when defendant moved her practice to New York. Plaintiff continued to treat with defendant until September 1988 when defendant refused to continue treatments. Plaintiff further alleges that during the time defendant treated her she paid defendant substantial fees even though, without her knowledge, defendant was not providing psychoanalysis. Defendant responded to the complaint by moving, *inter alia,* to dismiss it on the ground that it is barred by the Statute of Limitations since this action was not commenced until December 10, 1991, more than 2½ years after the last date of treatment.

To avoid the bar of the 2½-year medical malpractice Statute of Limitations, plaintiff's complaint asserts breach of contract and fraud causes of action. Whether plaintiff can take advantage of the longer Statute of Limitations afforded these causes of action depends upon whether they are separate and distinct from a medical malpractice cause of action rather than causes of action for malpractice in a different guise.

Insofar as her breach of contract cause of action is concerned, plaintiff seeks to take advantage of the rule that the six-year Statute of Limitations is applicable to actions for professional malpractice where, as here, the damages sought are those recoverable in a breach of contract action *(see, Santulli v Englert, Reilly & McHugh,* 78 NY2d 700, 709; *Video Corp. v Flatto Assocs.,* 58 NY2d 1026, 1028; *Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 395). This rule, however, has not been extended to medical malpractice actions *(see, Santulli v Englert, Reilly & McHugh, supra,* at 707; *Padilla v New York City Tr. Auth.,* 184 AD2d 760, 762). Thus, the rule remains that a breach of contact claim in relation to the rendition of medical services by a physician is sufficient only

when based upon an express promise to effect a cure or to accomplish some definite result *(see, Robins v Finestone,* 308 NY 543, 546; *McCarthy v Berlin,* 178 AD2d 584, 585; *Bobrick v Bravstein,* 116 AD2d 682, 683). As plaintiff's breach of contract cause of action is not predicated on such a promise, we find that it is not separate and distinct from a malpractice cause of action.

Plaintiff next argues, citing *Simcuski v Saeli* (44 NY2d 442), that her fraud causes of action are viable because defendant concealed her malpractice by continuously representing that she was providing psychoanalysis when, in fact, she was not. The concealment by a physician or failure to disclose his or her own malpractice does not give rise to a cause of action in fraud separate and distinct from a malpractice cause of action unless the physician, acting with knowledge of his or her malpractice, makes subsequent material representations in an attempt to conceal the earlier negligence and those representations create damages independent of those flowing from the malpractice *(see, Simcuski v Saeli, supra,* at 453; *Howe v Ampil,* 185 AD2d 520). Here, the damages plaintiff is seeking, i.e., fees paid to defendant, lost income and moving expenses, are the same as those caused by defendant's malpractice *(see,* 76 NY Jur 2d, Damages, § 320). Accordingly, plaintiff has not stated a separate and distinct cause of action for fraud *(see, Coopersmith v Gold,* 172 AD2d 982, 984).

Therefore, since all of plaintiff's causes of action are encompassed within a medical malpractice cause of action, we find the complaint time barred *(see,* CPLR 214-a). Hence, we affirm Supreme Court's order.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.