■ ANTHONY LUCIANO, SR., Respondent-Appellant, v DONALD T. LEVINE, Appellant-Respondent. [648 NYS2d 149] —In an action to recover damages for medical malpractice, the defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Rockland County (Rudolph, J.), dated March 16, 1995, as denied that branch of his motion which was to dismiss the cause of action alleged in the plaintiff's complaint sounding in fraud, and (2) so much of an order of the same court, dated November 2, 1995, as, upon granting his motion for reargument, adhered to the original determination. The plaintiff cross-appeals, as limited by his brief, from so much of the order dated November 2, 1995, as adhered to the original determination granting the defendant's motion to dismiss the medical malpractice cause of action. The plaintiff's notice of cross appeal from the order dated March 16, 1995, is deemed a premature notice of appeal from the order dated November 2, 1995, made upon reargument (see, CPLR 5520 [c]).

Ordered that the appeal from the order dated March 16, 1995, is dismissed, as that order was superseded by the order dated November 2, 1995, made upon reargument; and it is further,

Ordered that the order dated November 2, 1995, is reversed insofar as appealed from, so much of the order dated March 16, 1995, as denied that branch of the defendant's motion which

was to dismiss the cause of action alleged in the plaintiff's complaint sounding in fraud, is vacated, and that branch of the defendant's motion is granted; and it is further,

Ordered that the order dated November 2, 1995, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff first consulted with the defendant plastic surgeon on August 25, 1988, concerning treatments for acne and acne-related scarring. The plaintiff then underwent a course of treatment involving the injection of liquid silicone into his face. Prior to each treatment, the defendant informed the plaintiff that the treatments were safe and would not cause side effects. The treatments continued through November 22, 1988. On May 2, 1990, the plaintiff returned to the defendant, who again assured him that the injections were safe and that there would be no adverse effects.

In July 1994, the plaintiff saw a rheumatologist, Dr. Arthur E. Brawer, who, in a report dated July 20, 1994, concluded that the plaintiff was suffering from a condition known as connective tissue disease which was directly initiated by and was related to the facial silicone injections. Thereafter, on or about August 25, 1994, the plaintiff commenced this action by service of a summons and complaint.

In his complaint, the plaintiff alleged, *inter alia,* fraud by the defendant in his representations as to the safety of the treatments. We find that since the plaintiff failed to allege separate and distinct injuries, this cause of action should have been dismissed by the Supreme Court. To recover under a fraud theory, a plaintiff "must allege an available, effacious remedy or cure for the injuries caused by the [treatment] that he [or she] was diverted from undertaking in consequence to [the] defendants' concealment of [the] misdiagnosis; absent such a medical remedy, it cannot be said that any damages were sustained as a result of the concealment" *(Harkin v Culleton,* 156 AD2d 19, 25, citing *Simcuski v Saeli,* 44 NY2d 442, 453-454; *see, Owen v Appelbaum,* 205 AD2d 976; *Howe v Ampil,* 185 AD2d 520). Thus, "[w]here a fraud claim gives rise to damages which are not separate and distinct from those flowing from an alleged medical malpractice cause of action * * * [and] the alleged fraud is part and parcel of the alleged malpractice", the cause of action must be dismissed *(Romatowski v Hitzig,* 227 AD2d 870; *see, Coopersmith v Gold,* 172 AD2d 982, 984). Here, the plaintiff's complaint alleged that he "suffered separate and distinct injuries arising from the fraudulent acts of the defendant and from the acts of medical malpractice of the defen-

dant". However, a full reading of the affirmation of the plaintiff's counsel in opposition to the motion to dismiss reveals that these alleged injuries were the same as those resulting from the alleged malpractice. Since no new injuries flowing from fraud were alleged, this cause of action must fail.

We have reviewed the plaintiff's claims on his cross appeal and find them to be without merit. O'Brien, J. P., Copertino, Pizzuto and Hart, JJ., concur.