■ WHITE OF LAKE GEORGE, INC., et al., Respondents, v JOHN L. BELL, Appellant. [674 NYS2d 162] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered July 23, 1997 in Albany County, which partially denied defendant's motions for, *inter alia*, summary judgment dismissing the complaint.

This action involves claims of legal malpractice and fraud arising out of defendant's representation of plaintiff David R. White (hereinafter plaintiff) in a landlord-tenant dispute. Plaintiff operated a restaurant in leased commercial premises. The dispute arose when plaintiff objected to the landlord's imposition of a $12,929.60 pro rata charge for parking lot improvements, contending that the work constituted a capital improvement and not maintenance. Upon plaintiff's refusal to pay, the landlord terminated the lease and accelerated the rent due thereunder. Plaintiff sought defendant's assistance relative to his legal rights and responsibilities. Defendant informed the landlord that plaintiff was not responsible for the parking lot charges and that in view of the wrongful termination of the lease, he was advising plaintiff to vacate the premises and seek damages therefor. Although defendant commenced such an action on plaintiff's behalf, the claim was subsequently withdrawn and the landlord's counterclaim was settled by plaintiff's payment of $150,000.

Plaintiff's malpractice and breach of contract claims are premised upon allegations that defendant was negligent in various aspects of his legal representation, including his advice and actions concerning the dispute over the parking lot charges, the termination of the lease, continued liability for rent, the prosecution and defense of the underlying litigation, and ultimately the strength or weakness of plaintiff's position and the propriety of the $150,000 settlement. Specifically, plaintiff faults defendant for failing to advise him, while the dispute still centered only upon the $12,929.60 parking lot assessment, of the availability of a "Yellowstone injunction".[1]

In addition, plaintiff charges defendant with fraud on the basis of the same events, asserting that defendant concealed his initial malpractice and affirmatively misrepresented the reasons for the weakness in plaintiff's position in the underlying dispute, thereby inducing plaintiff to settle the matter.[2] Defendant's motion for summary judgment was denied, except

1. *First Natl. Stores v Yellowstone Shopping Ctr.* (21 NY2d 630).
2. Although the malpractice and fraud causes of action were initially brought as separate lawsuits, they have since been consolidated into a single action.

insofar as it sought dismissal of plaintiff's plea for punitive and treble damages, and this appeal by defendant ensued.

As Supreme Court effectively and comprehensively observed in its decision, questions of fact abound with respect to the malpractice and breach of contract claims, precluding summary judgment thereon. The cause of action sounding in fraud, however, cannot stand. Where, as here, a fraud claim is asserted in connection with charges of professional malpractice, it is sustainable only to the extent that it is premised upon one or more affirmative, intentional misrepresentations—that is, something more egregious than mere "concealment or failure to disclose [one's] own malpractice" (*LaBrake v Enzien*, 167 AD2d 709, 711; *see, Weiss v Manfredi*, 83 NY2d 974, 977; *Simcuski v Saeli*, 44 NY2d 442, 452)—which have caused additional damages, separate and distinct from those generated by the alleged malpractice (*see, Owen v Appelbaum*, 205 AD2d 976, 978; *LaBrake v Enzien, supra*, at 711-712).

The majority of the allegations comprising plaintiffs' fraud claim consist, essentially, of a restatement of their accusations that defendant furnished erroneous legal advice and neglected to take appropriate steps to safeguard their interests. While these assertions, if proven, could warrant a finding of malpractice, they are insufficient, without more, to make out a separate cause of action for fraud.

As for plaintiff David R. White's averment that it was defendant's misrepresentation of the reason why plaintiffs' case was weak, along with his representation that he had confirmed this assessment with a colleague, that prompted White to pay the $150,000 demanded to settle the underlying suit, it suffices to note that the record is devoid of any proof that plaintiffs would have been able to obtain a more favorable settlement or verdict had they been accurately informed. Inasmuch as plaintiffs have not shown that their reliance upon these alleged misrepresentations subjected them to any damages beyond those resulting from the purported malpractice alone, their fraud claim is not maintainable (*see, Romatowski v Hitzig*, 227 AD2d 870, 872, *lv dismissed, lv denied* 89 NY2d 915).

Crew III and Carpinello, JJ., concur.

Mikoll, J. P. (dissenting). We respectfully dissent and would affirm for the reasons stated in the opinion of Justice George B. Ceresia, Jr. in Supreme Court.

While we acknowledge the general principle that concealment or failure to disclose malpractice does not give rise to a separate cause of action for fraud unless subsequent material

misrepresentations are made in an effort to conceal the earlier negligence *and* those representations create damages independent of those flowing from the malpractice, we do not believe that this principle has application here. Although the seeming identity of the allegations and damages comprising the fraud and malpractice claims may appear to support the majority's determination, we believe that these claims could well be resolved in a manner that would militate against it.

As noted by Supreme Court, there are numerous underlying issues of law and fact whose resolution affects both claims. Until it is determined whether and to what extent defendant was negligent, and whether and to what extent plaintiff was damaged thereby, we do not believe we can conclude that the fraud claim is precluded. Obviously, if defendant is found to have acted without negligence, the fraud claim becomes academic. If, however, malpractice is found, ascertainment of plaintiff's damages in consequence thereof is not necessarily had simply with reference to the $150,000 settlement payment, whereas damages upon the fraud claim, if proven, would be so measured.

Peters, J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion regarding plaintiffs' fraud cause of action; motion granted to that extent, partial summary judgment awarded to defendant and the fraud cause of action is dismissed; and, as so modified, affirmed. [*See,* 173 Misc 2d 423.]