■ JANET L. CONGERO, Appellant, v JEFFREY S. SIDER et al., Respondents. [680 NYS2d 563] —In an action to recover damages

for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated December 17, 1997, which granted the motion of the defendants Andrew P. Robinson and North Shore Orthopedic Associates, P. C., pursuant to CPLR 3042 to strike "portions of plaintiff's Bill of Particulars referring to fraudulent conduct" and that branch of the separate motion by the defendant Jeffrey S. Sider which was for the same relief.

Ordered that the order is affirmed, with costs.

Because the plaintiff does not have a viable cause of action to recover damages for fraud, she should not be allowed to assert such a claim in her bill of particulars. It is settled law that concealment by a physician or failure to disclose his own malpractice does not give rise to a cause of action in fraud or deceit separate from the customary malpractice action (*see, Simcuski v Saeli,* 44 NY2d 442; *Spinosa v Weinstein,* 168 AD2d 32). "To recover under a fraud theory, a plaintiff 'must allege an available, efficacious remedy or cure for the injuries caused by the [treatment] that he [or she] was diverted from undertaking in consequence to [the] defendants' concealment of [the] misdiagnosis; absent such a medical remedy, it cannot be said that any damages were sustained as a result of the concealment'" (*Luciano v Levine,* 232 AD2d 378, 379, quoting *Harkin v Culleton,* 156 AD2d 19, 25; *see also, Simcuski v Saeli, supra*). The plaintiff has failed to make the requisite allegations in this case. Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.