■ EMIL IANNACONE et al., Respondents, v KEITH WEIDMAN et al., Appellants. [708 NYS2d 723] —In an action to recover damages for legal malpractice, the defendants Keith Weidman and Marjorie Rubin, as Executrix of the Estate of Joseph Rubin, Keith Rothman, and Rubin & Rothman separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated January 29, 1999, as

denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motions are granted, and the complaint is dismissed.

The plaintiffs in the instant action, Emil and Marianne Iannacone, retained the defendant law firm of Rubin & Rothman to represent them in a negligence action arising out of a two-vehicle collision in which Marianne Iannacone suffered personal injuries. Rubin & Rothman commenced an action on behalf of the Iannacones against Leonardo Solano and Rene Molina, the owner and operator, respectively, of the other vehicle which was involved in the collision. Pursuant to an agreement with Rubin & Rothman, the defendant attorney Keith Weidman worked on the case which was settled for $10,000, the limit of Solano's liability policy. The Iannacones also received $10,000 in underinsurance benefits from their insurer.

In the instant action, the Iannacones allege that the defendant Weidman, as well as Joseph Rubin, Keith Rothman, and law firm of Rubin & Rothman (hereinafter the remaining defendants) committed legal malpractice in failing to name Greentree Estates (hereinafter Greentree), the employer of Solano and Molina, as a defendant in the underlying personal injury action.

"To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care" (*Iannarone v Gramer*, 256 AD2d 443, 444; *see, Volpe v Canfield*, 237 AD2d 282, 283). "[W]here it is clear that the attorney exercised his or her judgment reasonably as to how to proceed, summary judgment should be granted dismissing the action" (*Rubinberg v Walker*, 252 AD2d 466, 467).

The Supreme Court incorrectly denied the motions of the defendant Keith Weidman and the remaining defendants for summary judgment dismissing the complaint insofar as asserted against them. All of the information available to Weidman and the remaining defendants before the settlement of the underlying personal injury action indicated that, at the time of the underlying collision, Molina was not operating Solano's vehicle in the course of his employment with Greentree. Although the Iannacones later learned that another employee of Greentree

claimed that Molina was, in fact, operating the vehicle in the course of that employment, the Iannacones never relayed this information to Weidman or to the remaining defendants before the Statute of Limitations on any claim against Greentree expired. Therefore, Weidman and the remaining defendants acted reasonably in not naming Greentree as a defendant in the underlying personal injury action, and the plaintiffs did not establish the failure to exercise the degree of skill and care commonly possessed by a member of the legal community (*see, Won The Hwang v Bierman*, 206 AD2d 360; *L.I.C. Commercial Corp. v Rosenthal*, 202 AD2d 644). Altman, J. P., Friedmann, Krausman and Feuerstein, JJ., concur.