■ DONALD EPIFANO et al., Respondents, v KATHLEEN F. SCHWARTZ, Appellant. [719 NYS2d 268] —In an action to recover damages for legal malpractice, the defendant appeals, as

limited by her brief, from so much of (1) an order of the Supreme Court, Suffolk County (Oliver, J.), dated September 2, 1999, as, in effect, conditionally granted the plaintiffs' motion for summary judgment, and (2) an order of the same court, dated October 28, 1999, as denied that branch of her cross motion which was for summary judgment dismissing the complaint.

Ordered that the appeal from the order dated September 2, 1999, is dismissed, as that order was superseded by so much of the order dated October 28, 1999, as denied the plaintiffs' motion for summary judgment; and it is further,

Ordered that the order dated October 28, 1999, is modified, on the law, by deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment dismissing the complaint in its entirety, and substituting therefor a provision granting that branch of the cross motion to the extent of dismissing so much of the complaint as seeks to recover damages for intentional infliction of emotional distress; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The defendant represented the plaintiffs in connection with the settlement of a holdover proceeding commenced against them. The plaintiffs claim that as part of the settlement agreement, their landlord agreed to sell them the property, but subsequently refused to complete the sale. Thereafter, the plaintiffs commenced this action against the defendant alleging that she was negligent in failing to draft a binding contract for the sale of the property as part of the stipulation settling the holdover proceeding. They claim that, but for her alleged negligence, they would have purchased the property, which is worth much more than the alleged agreed-upon purchase price. The plaintiffs seek, *inter alia*, to recover the difference between the purchase price and the value of the property, and damages for the intentional infliction of emotional distress.

The plaintiffs moved for partial summary judgment on the issue of liability and the defendant cross-moved, *inter alia*, for summary judgment dismissing the complaint. By order dated September 2, 1999, the Supreme Court concluded that the plaintiffs would be entitled to partial summary judgment unless the defendant submitted an affidavit addressing some factual assertions made by the plaintiff Donald Epifano in a supplemental affidavit which was provided to the court after the motion and cross motion had been submitted. The court considered the untimely affidavit, but gave the defendant an

opportunity to submit an additional affidavit. The defendant did so, and in its order dated October 28, 1999, the motion and cross motion were denied.

A prima facie case of legal malpractice requires proof of the defendant's negligence, that such negligence was the proximate cause of the plaintiff's loss, and actual damages (*see, Lauer v Rapp,* 190 AD2d 778, 779). To establish the elements of proximate cause and damages, a plaintiff must show that but for the attorney's negligence, he or she would not have sustained any damages (*see, Ashton v Scotman,* 260 AD2d 332).

We agree with the Supreme Court that there is a triable issue of fact as to whether the plaintiffs' damages were proximately caused by the defendant's alleged negligence. However, contrary to the conclusion reached by the Supreme Court, there is also a question of fact as to whether the defendant was negligent. There is conflicting evidence as to whether the plaintiffs and their landlord ever reached an agreement regarding the sale of the property. If no agreement was reached, the defendant was not negligent in failing to include such a provision in the stipulation.

Damages for the intentional infliction of emotional distress are not recoverable in a legal malpractice action (*see, Risman v Leader,* 256 AD2d 1245; *Dirito v Stanley,* 203 AD2d 903). Consequently, so much of the plaintiffs' complaint as seeks such damages must be dismissed. Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.