■ BROOKLYN LAW SCHOOL, Appellant, v GREAT NORTHERN INSURANCE COMPANY et al., Respondents. [723 NYS2d 861] —In an action, *inter alia*, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernstein, J.), entered February 9, 2000, which granted the separate motions of the defendants Great Northern Insurance Company, Federal Insurance Company, and Chubb Corp., and the defendant Burton D. Savitz, pursuant to CPLR 3211, to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiff's contentions, the Supreme Court properly granted the defendants' motions to dismiss the complaint insofar as asserted against them. Assuming that the attorney retained by the plaintiff's insurance company to defend the plaintiff in an underlying action breached a duty, the plaintiff cannot establish the damages element to that claim. Mere speculation about a loss resulting from an attorney's alleged omission is insufficient to sustain a prima facie case of legal malpractice (*see, Giambrone v Bank of N. Y.*, 253 AD2d 786). The damages alleged must be actual as well as ascertainable (*see, Giambrone v Bank of N. Y., supra*, at 787). Here, the damages sought are too speculative and incapable of being proven.

An insurance company cannot be held vicariously liable for

the malpractice allegedly committed by counsel it retained to defend its insured (*see, Feliberty v Damon,* 72 NY2d 112).

The plaintiff's remaining contentions are without merit. Ritter, J. P., McGinity, H. Miller and Townes, JJ., concur.