■ Louis Bellera et al., Respondents, v Seymour Handler et al., Appellants. [727 NYS2d 137] —In an action to recover dam-

ages for medical malpractice, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered September 5, 2000, as denied that branch of their motion which was to dismiss the fourth and sixth causes of action sounding in common-law fraud and negligent misrepresentation, respectively, and which, upon severing and dismissing the claims of all the plaintiffs other than Louis Bellera, granted those plaintiffs leave to recommence their actions pursuant to CPLR 205.

Ordered that the order is modified by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the fourth and sixth causes of action sounding in common-law fraud and negligent misrepresentation insofar as those causes of action were asserted on behalf of Louis Bellera, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This action is to recover damages allegedly arising from a series of hair transplant procedures performed by at least one of the three defendant physicians. The plaintiffs asserted that each was promised that between one and four procedures would be sufficient to permanently restore a full head of hair, with no extra maintenance. They assert that they were not told that as the top of their heads continued to go bald between the hair transplants and their hair receded toward the crown, they would require additional hair transplants for the rest of their lives. The plaintiffs asserted that they were horrified by the results, and that, directly contrary to the defendants' promises, they were left with unnatural hairlines, scalps which were scarred and discolored, scalp infections, frequent headaches, numbness, and pain. The plaintiffs allegedly relied upon the defendants' promises and continued with treatment until such time that their donor hair sites were depleted, leaving them with uncorrectable conditions.

The 21 plaintiffs in this action, and an individual named Robert Abrams, commenced an action to recover damages in the Supreme Court, New York County, wherein they asserted claims sounding in medical malpractice and lack of informed consent, as well as common-law fraud and negligent misrepresentation. Upon the defendants' motion, the Supreme Court, New York County, severed and dismissed the claims of all the plaintiffs other than Abrams with leave to recommence their actions pursuant to CPLR 205. The plaintiffs then commenced the instant action in the Supreme Court, Nassau County.

The defendants contend that the Supreme Court erred when,

in severing and dismissing the claims of the plaintiffs other than Louis Bellera, it granted those plaintiffs a second opportunity to recommence their actions pursuant to CPLR 205. However, in the absence of any evidence that the plaintiffs acted in bad faith in bringing a single action in Nassau County upon the dismissal of the claims in New York County, the Supreme Court properly granted this relief (*see, Hodge v Hotel Empls. & Rest. Empls. Union,* 269 AD2d 330).

The defendants further contend that the Supreme Court erred in failing to dismiss the claims sounding in common-law fraud and negligent misrepresentation. However, since the claims of all the plaintiffs other than Louis Bellera were dismissed, only his claims are before us. It is well settled that where a fraud claim gives rise to damages which are not separate and distinct from those flowing from an alleged medical malpractice cause of action, it must be dismissed (*see, Coopersmith v Gold,* 172 AD2d 982). The complaint and Bellera's bill of particulars fail to allege injuries arising from common-law fraud and/or negligent misrepresentation that are separate and apart from the injuries allegedly arising from medical malpractice. Accordingly, Bellera's fourth and sixth causes of action, sounding in common-law fraud and negligent misrepresentation, must be dismissed (*see, Abbondandolo v Hitzig,* 282 AD2d 224; *Otero v Presbyterian Hosp.,* 240 AD2d 279, 280; *Luciano v Levine,* 232 AD2d 378, 379-380; *Callas v Eisenberg,* 192 AD2d 349, 350). Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.