■■ DAVID ABRAHAM, Appellant-Respondent, v NORBERT
KOSINSKI, D.P.M., Respondent-Appellant, and ROBERT DI
CAPRIO, JR., D.P.M., Respondent. [759 NYS2d 278] —Appeal and
cross appeal from an order of Supreme Court, Herkimer County
(Daley, J.), entered February 25, 2002, which, inter alia,
granted the motion of defendant Norbert Kosinski, D.P.M. for
partial summary judgment dismissing the second and third
causes of action against him.

It is hereby ordered that the order so appealed from be and
the same hereby is unanimously modified on the law by deny-
ing that part of plaintiff's cross motion to strike the statute of
limitations defense of defendant Norbert Kosinski, D.P.M. and

reinstating that defense and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Herkimer County, for further proceedings in accordance with the following memorandum: Plaintiff appeals and Norbert Kosinski, D.P.M. (defendant) cross-appeals from an order that, inter alia, granted the motion of defendant for partial summary judgment dismissing the causes of action for fraud and gross negligence against him and granted that part of plaintiff's cross motion to strike the statute of limitations defense asserted by defendant. Contrary to the contention of plaintiff, Supreme Court properly granted defendant's motion for partial summary judgment. The elements of a cause of action for fraud in connection with charges of medical malpractice are "knowledge on the part of the physician of the fact of his malpractice and of his patient's injury in consequence thereof, coupled with a subsequent intentional, material misrepresentation by him to his patient known by him to be false at the time it was made, and on which the patient relied to his damage" (*Simcuski v Saeli*, 44 NY2d 442, 451 [1978]). The damages resulting from the fraud must be " 'separate and distinct from those generated by the alleged malpractice' " (*Rochester Fund Muns. v Amsterdam Mun. Leasing Corp.*, 296 AD2d 785, 788 [2002]; *see Spinosa v Weinstein*, 168 AD2d 32, 41-42 [1991]; *cf. Rinker v Oberoi*, 275 AD2d 1000, 1001 [2000]).

Here, the court properly dismissed the fraud cause of action on the ground that plaintiff sustained no damages that were separate and distinct from those caused by the alleged malpractice. The record establishes that plaintiff neither pursued ineffective or inappropriate treatment nor elected not to pursue appropriate treatment in reliance on the alleged fraudulent concealment (*cf. Abraham v Kosinski*, 251 AD2d 967, 968 [1998]), and thus he was not "deprived * * * of the opportunity for cure" (*Ross v Community Gen. Hosp. of Sullivan County*, 150 AD2d 838, 842 [1989]; *cf. Simcuski*, 44 NY2d at 451-452). Because plaintiff relies on the same conduct on the part of defendant, i.e., the allegedly fraudulent concealment of a 1993 bone scan report, as the basis for the gross negligence cause of action, that cause of action was also properly dismissed. In the absence of a separate cause of action for fraud or gross negligence, there is likewise no basis for an award of punitive damages and thus the court also properly dismissed that claim (*see Ross*, 150 AD2d at 842).

The court erred, however, in granting that part of plaintiff's cross motion to strike defendant's statute of limitations defense. "It is a well-recognized legal principle that when a de-

fendant, by a deception, has caused a plaintiff to delay suit on a known cause of action until the Statute of Limitations has run, the courts will apply the doctrine of estoppel to prevent an inequitable use of the statute by defendant as a defense" (*Arbutina v Bahuleyan*, 75 AD2d 84, 86, [1980], citing *Simcuski*, 44 NY2d at 448-450). Here, there is an issue of fact whether defendant, "by a deception," caused plaintiff to delay in bringing this action by withholding plaintiff's medical records until after the statute of limitations had run (*id.*). The issue of estoppel, however, "should not be submitted to the trial jury," but rather should be separately determined upon a hearing pursuant to CPLR 2218 (*Arbutina*, 75 AD2d at 85).

We have considered plaintiff's remaining contentions and conclude that they lack merit. Consequently, we modify the order by denying that part of plaintiff's cross motion to strike defendant's statute of limitations defense and reinstating that defense and we remit the matter to Supreme Court, Herkimer County, for a hearing on the issue of whether defendant should be equitably estopped from asserting the statute of limitations defense. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.