(February 9, 2004)

■ SALVATORE ALBANESE et al., Appellants, v IVAN W. HAMETZ et al., Respondents. [771 NYS2d 393]—

In an action to recover damages for legal malpractice, the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Joseph, J.), entered October 24, 2002, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) from so much of an order of the same court entered February 11, 2003, as denied that branch of their motion which was for leave to renew.

Ordered that the order entered October 24, 2002, is affirmed; and it is further,

Ordered that the order entered February 11, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the one bill of costs is awarded to the defendants.

Upon the defendants' prima facie showing that the plaintiffs failed to prove at least one of the three essential elements of a legal malpractice cause of action (*see Ostriker v Taylor, Atkins & Ostrow,* 258 AD2d 572 [1999]), the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). The plaintiffs' claims amounted to nothing more than their dissatisfaction with the defendants' strategic choices, and thus, did not support a malpractice claim as a matter of law (*see Bernstein v Oppenheim & Co.,* 160 AD2d 428 [1990]; *see also Iannacone v Weidman,* 273 AD2d 275 [2000]). In any event, the record demonstrates that the plaintiffs' claims for damages were speculative and incapable of being proven (*see Brooklyn Law School v Great N. Ins. Co.,* 283 AD2d 383 [2001]; *Giambrone v Bank of N.Y.,* 253 AD2d 786 [1998]).

The Supreme Court properly denied the plaintiffs' subsequent motion for leave to renew. The plaintiffs failed to offer a valid excuse for not submitting the additional facts upon the original motion (*see LaRosa v Trapani,* 271 AD2d 506 [2000]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.