EDWARD D. KAISER, Appellant, v MATHEW VAN HOUTEN et al., Respondents. [785 NYS2d 569]—

Carpinello, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered September 17, 2003 in Tompkins County, which granted defendants' motion for summary judgment dismissing the complaint.

After plaintiff was found guilty of insubordination in connection with his position as a municipal employee, he hired defendants as his attorneys, particularly defendant Mathew Van Houten, to commence a CPLR article 78 proceeding on his behalf to challenge this determination. Defendants commenced the proceeding in Supreme Court, but it was subsequently transferred to this Court as it involved a question of substantial evidence (*see* CPLR 7804 [g]). One year later, however, the proceeding was dismissed for failure to prosecute pursuant to 22 NYCRR 800.12.[1] Defendants' subsequent motion for reconsideration was denied, and plaintiff was notified three months later that the matter had been dismissed.

Plaintiff then commenced this action against defendants asserting fraud, fraudulent concealment and intentional infliction of emotional distress. He seeks compensatory, punitive and treble damages pursuant to Judiciary Law § 487. The essence of the complaint is that defendants knew, or should have known through the application of reasonable care and diligence, that their failure to timely serve and file the papers in his transferred

---

1. This Court's rules require petitioners in such cases to serve and file a brief and record within 60 days of the transfer order (*see* 22 NYCRR 800.19). Van Houten was unaware of this rule and hence did nothing in the matter mistakenly awaiting scheduling by this Court.

CPLR article 78 proceeding would cause that proceeding to be dismissed and that Van Houten's repeated assurances that everything was "fine" with his case were therefore false. Plaintiff also alleges that Van Houten concealed material facts concerning the case, namely, that it had been dismissed, and that this concealment was equivalent to a false representation on his part. As to damages, plaintiff claims to have incurred "a direct pecuniary loss for the reasonable value of the time and effort [he] devoted" to his case, as well as severe emotional distress. He now appeals from an order of Supreme Court granting summary judgment to defendants dismissing the complaint in its entirety. We affirm.

Although the essence of plaintiff's complaint against defendants is legal malpractice, he steadfastly denies that he is asserting such a claim and instead maintains that he is suing only for intentional torts. Plaintiff takes this stance, no doubt, because "an attorney's failure to disclose malpractice does not give rise to a fraud claim separate from the customary malpractice action" (*Weiss v Manfredi*, 83 NY2d 974, 977 [1994]; *accord Simcuski v Saeli*, 44 NY2d 442, 451-452 [1978]) and because emotional damages are not recoverable in a legal malpractice action (*see e.g. Epifano v Schwartz*, 279 AD2d 501, 503 [2001]; *Risman v Leader*, 256 AD2d 1245 [1998]). Since it is patently clear, however, that defendants' alleged malpractice forms the basis of this action, we proceed on that basis.

A fraud claim asserted within the context of a legal malpractice claim "is sustainable only to the extent that it is premised upon one or more affirmative, intentional misrepresentations— that is, something more egregious than mere 'concealment or failure to disclose [one's] own malpractice' " (*White of Lake George v Bell*, 251 AD2d 777, 778 [1998], *appeal dismissed* 92 NY2d 947 [1998], quoting *LaBrake v Enzien*, 167 AD2d 709, 711 [1990]). In addition to establishing each element of fraud, plaintiff has the burden of proving that the alleged fraud "caused additional damages, separate and distinct from those generated by the alleged malpractice" (*White of Lake George v Bell, supra* at 778; *see LaBrake v Enzien, supra* at 711). Here, even viewing the allegations of fraud and concealment in the light most favorable to plaintiff, they mostly consist of accusations that defendants committed malpractice by not following this Court's rules with respect to transferred CPLR article 78 proceedings and thus they did not safeguard plaintiff's legal rights. While a fair argument may be made that defendants may have committed malpractice, the facts alleged simply do not state a separate cause of action for fraud or fraudulent

concealment (*see White of Lake George v Bell, supra* at 778). Moreover, the resulting pecuniary damages to plaintiff, i.e., the value of his time and effort in the case, do not constitute additional damages separate and distinct from the malpractice and, thus, these causes of action were properly dismissed (*see e.g. Ruggiero v Powers,* 284 AD2d 593, 595 [2001], *lv dismissed* 97 NY2d 638 [2001]; *White of Lake George v Bell, supra* at 778; *Owen v Appelbaum,* 205 AD2d 976, 978 [1994]; *LaBrake v Enzien, supra* at 711).

Plaintiff has likewise failed to allege sufficient facts to establish an intentional infliction of emotional distress claim (*see Green v Leibowitz,* 118 AD2d 756, 756-757 [1986]). No conduct on defendants' part rose to the level of "extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society" (*Freihofer v Hearst Corp.,* 65 NY2d 135, 143 [1985]; *see Howell v New York Post Co.,* 81 NY2d 115, 122 [1993]; *Fischer v Maloney,* 43 NY2d 553, 557 [1978]). In any event, as noted previously, emotional damages are not recoverable within the context of a legal malpractice action and, thus, plaintiff cannot recover for his alleged emotional distress (*see Andrewski v Devine,* 280 AD2d 992 [2001]; *Epifano v Schwartz, supra* at 503; *Risman v Leader, supra* at 1245; *Dirito v Stanley,* 203 AD2d 903, 904 [1994]).

Finally, plaintiff's claim for treble damages pursuant to Judiciary Law § 487 (1) was also properly dismissed. In addition to being nonexistent in the absence of sustainable compensatory damages (*see Stanski v Ezersky,* 228 AD2d 311, 313 [1996], *lv denied* 89 NY2d 805 [1996]),[2] the record, even viewed in a light most favorable to plaintiff, is utterly devoid of evidence of any deceptive practice or other misconduct on defendants' part during a pending judicial proceeding to justify treble damages under this statute (*see e.g. Hansen v Caffry,* 280 AD2d 704, 705-706 [2001], *lv denied* 97 NY2d 603 [2001]; *Henry v Brenner,* 271 AD2d 647 [2000]; *Stanski v Ezersky, supra* at 313).

Spain, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that

---

2. Plaintiff's request for punitive damages suffers from the same fate (*see Rocanova v Equitable Life Assur. Socy. of U.S.,* 83 NY2d 603, 616 [1994]). In addition to being nonexistent in the absence of a substantive cause of action (*see id.; Abraham v Kosinski,* 305 AD2d 1091 [2003]; *O'Neill v O'Neill,* 264 AD2d 766, 767 [1999], *lv dismissed* 94 NY2d 858 [1999]), plaintiff has failed to establish conduct on defendants' part "that evidences a high degree of moral culpability, is so flagrant as to transcend simple carelessness, or constitutes willful or wanton negligence or recklessness so as to evince a conscious disregard for the rights of others" (*Evans v Stranger,* 307 AD2d 439, 440 [2003]; *see Sharapata v Town of Islip,* 56 NY2d 332, 335 [1982]).

the order is affirmed, with costs. [*See* 2003 NY Slip Op 51266(U).]