■ SCOTT PERE et al., Appellants, v JOSEPH E. ST. ONGE, Respondent. [790 NYS2d 489]—

In an action to recover damages for legal malpractice and

fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated August 9, 2003, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action and denied their motion pursuant to CPLR 3126 (3) to strike the defendant's answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The complaint alleged that the defendant attorney was retained by the plaintiff Thomas Holdings Corp. (hereinafter Thomas) to foreclose its mortgage on property owned by the plaintiff 4305 Associates, Inc. (hereinafter 4305), and that the plaintiff Scott Pere was an officer and stockholder of Thomas and 4305. The plaintiffs contend that defendant improperly failed to include a provision in the terms of the foreclosure sale shifting the burden for payment of the transfer taxes to the purchaser.

Upon the defendant's prima facie showing that the plaintiffs would not be able to prove the three essential elements of a legal malpractice cause of action (*see Epifano v Schwartz,* 279 AD2d 501 [2001]), the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). The plaintiffs' claims amounted to nothing more than their dissatisfaction with the defendant's strategic choice and thus, did not support a malpractice claim as a matter of law (*see Rosner v Paley,* 65 NY2d 736 [1985]; *Albanese v Hametz,* 4 AD3d 379 [2004]; *Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen,* 303 AD2d 561 [2003]; *Iannacone v Weidman,* 273 AD2d 275 [2000]; *Bernstein v Oppenheim & Co.,* 160 AD2d 428 [1990]). In addition, the record demonstrates that the plaintiffs' claim for damages was speculative and incapable of being proven (*see Albanese v Hametz, supra; Epifano v Schwartz, supra; Merz v Seaman,* 265 AD2d 385 [1999]). Accordingly, the Supreme Court properly dismissed the second cause of action.

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.