**JAIDEN BRENNER**, by Her Father and Natural Guardian, SHAUN BRENNER, et al., Respondents, v THOMAS H. MILHORAT, M.D., et al., Appellants. [942 NYS2d 897]—

In an action, inter alia, to recover damages for fraud and medical malpractice, the defendants Thomas H. Milhorat, Paolo A. Bolognese, John Xi Chen, L. Thierry Remy, Misao Nishikawa, Sol N. Mora, Rohit B. Verma, North Shore-Long Island Jewish Health System, Inc., Chiari Institute, and Harvey Cushing Institutes of Neuroscience appeal, and the defendant Chanland Roonprapunt separately appeals, as limited by their respective briefs, from so much an order of the Supreme Court, Nassau County (Mahon, J.), dated May 9, 2011, as denied their respective motions pursuant to CPLR 3211 (a) (7) to dismiss the third and fourth causes of action insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and the appellants' respective motions pursuant to CPLR 3211 (a) (7) to dismiss the third and fourth causes of action insofar as asserted against each of them are granted.

The plaintiffs commenced this action, asserting causes of action to recover damages for, inter alia, medical malpractice, lack of informed consent, and fraud. In their third cause of action, asserted on behalf of the plaintiff Jaiden Brenner, the plaintiffs alleged that, as a result of the defendants' knowingly false representations, Jaiden was fraudulently induced into having unnecessary spinal cord detethering surgery. In their fourth cause of action, asserted by the plaintiffs Shaun Brenner and Natasha Brenner, the plaintiffs alleged that, as a result of the defendants' knowingly false representations, Shaun and Natasha were fraudulently induced, among other things, into agreeing to submit Jaiden to spinal cord detethering surgery. The plaintiffs alleged that Jaiden thereby sustained serious physical, emotional, and financial injuries, and that Shaun and Natasha sustained financial injuries.

The Supreme Court erred in denying the defendants' respective motions to dismiss the fraud causes of action insofar as asserted against each of them since the injuries arising from the alleged fraud are no different from those resulting from the alleged lack of informed consent and malpractice (*see Simcuski v Saeli*, 44 NY2d 442 [1978]; *McNamara v Droesch*, 49 AD3d 511 [2008]; *Karlin v IVF Am.*, 239 AD2d 560 [1997], *mod on other grounds* 93 NY2d 282 [1999]; *Luciano v Levine*, 232 AD2d 378 [1996]; *Spinosa v Weinstein*, 168 AD2d 32 [1991]).

In light of our determination, the defendants' remaining contentions have been rendered academic. Skelos, J.P., Dickerson, Leventhal and Cohen, JJ., concur.