Stagnitta v Ambrosino (2018 NY Slip Op 08053)





Stagnitta v Ambrosino


2018 NY Slip Op 08053


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-04375
 (Index No. 7067/16)

[*1]Barbara Stagnitta, appellant,
v
Salvatore Ambrosino, etc., respondent.


Lazar Grunsfeld Elnadva, LLP, Brooklyn, NY (Gerald Grunsfeld of counsel), for appellant.
Marshall, Conway & Bradley, P.C., New York, NY (Christopher T. Bradley and Rita Y. Wang of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered February 28, 2017. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 30, 2016, the plaintiff commenced this action to recover damages for personal injuries, alleging fraud. The complaint alleges that the plaintiff became the patient of the defendant psychiatrist in 1982, when she was 24 years old. The complaint further alleges that 11 years later, in 1993, the defendant told the plaintiff that if she had sex with him, it would improve her mental health, her marriage, and her sexual libido, and if she refused his demands, it would have serious adverse effects on her mental health, her marriage, and her libido. Allegedly in reliance upon those statements, the plaintiff agreed to the defendant's demand, until November 2012, when she ceased being his patient. The plaintiff claims that as a result of her sexual relationship, she developed severe post-traumatic stress disorder and depression, and her marriage failed, causing her to incur a great financial loss.
The defendant moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint as time-barred and for failure to state a cause of action, respectively. In the order appealed from, the Supreme Court granted the defendant's motion.
The alleged sexualization of a physician-patient relationship generally sounds in medical malpractice (see Koren v Weihs , 201 AD2d 268; Coopersmith v Gold , 172 AD2d 982), since the injuries incurred are not separate and distinct from the damages incurred for medical malpractice (see Luciano v Levine , 232 AD2d 378, 379-380; Spinosa v Weinstein , 168 AD2d 32, 41-42). Here, the alleged fraud and the alleged improper medical treatment were based upon the same alleged conduct. Therefore, the complaint sounds in medical malpractice and is governed by the 2½-year [*2]statute of limitations applicable to causes of action sounding in medical malpractice (see CPLR 214-a); that statute of limitations had already expired at the time the action was commenced. Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion.
The plaintiff's remaining contentions are without merit.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court