MICHAEL J. HARKIN et al., Respondents-Appellants, v JAMES CULLETON, Appellant, and JAMES J. MCMURTRY, III, Appellant-Respondent.

First Department, April 12, 1990

20

## APPEARANCES OF COUNSEL

*James P. Kreindler* of counsel *(Kreindler & Kreindler,* attorneys), for plaintiffs.

*Anthony M. Sola* of counsel *(Stacie L. Young* with him on the brief; *Martin, Clearwater & Bell,* attorneys), for defendants.

## OPINION OF THE COURT

WALLACH, J.

In *Simcuski v Saeli* (44 NY2d 442), the Court of Appeals held that a physician's concealment of his own malpractice can be the basis of not only an estoppel against his assertion of the Statute of Limitations as a bar to an untimely cause of action for malpractice, but also a separate cause of action for fraud if the concealment is achieved through affirmative misrepresentations as opposed to mere nondisclosure. In both instances, however, more is involved than just the common-law elements of fraud. To be entitled to an estoppel, the plaintiff must show, in addition to fraudulent conduct by the physician, that he was diligent in commencing the action once he learned of the malpractice. And, in order to have a separate cause of action for fraud, the plaintiff must show that the personal injuries caused by the fraud are different from those caused by the malpractice. In large part, the instant appeal involves these additional elements of proof.

Plaintiff's injuries were allegedly caused by radiation baths and chemotherapy he underwent between 1976 and 1978 as treatment for what was diagnosed by defendants as a malig-

nant brain tumor. Plaintiff alleges that the tumor was benign, not malignant; that the appropriate treatment for a benign tumor is surgical removal, not radiation and chemotherapy; and that the misdiagnosis was the result of defendants' negligence. With respect to defendant McMurtry, a neurosurgeon, the malpractice is said to lie in his careless performance of a diagnostic procedure known as a craniotomy; with respect to defendant Culleton, the neurologist who referred plaintiff to McMurtry, the malpractice is said to lie in his failure to make an independent diagnosis by taking, for example, a tissue biopsy or CAT scan before agreeing with the diagnosis made by McMurtry on the basis of the craniotomy and himself recommending radiation and chemotherapy. In addition, plaintiff alleges that by March 1978 at the latest, defendants knew that the tumor was benign, and that the treatment then being administered was inappropriate, but withheld this information from him in order to cover up their misdiagnosis and resultant mistreatment. Although not separately stated as such, the complaint, aside from the consortium claims of plaintiff's wife, contains what are, in effect, four causes of action—malpractice and fraud against McMurtry, and malpractice and fraud against Culleton. Upon defendants' motion for summary judgment, IAS sustained all, except the malpractice cause of action against McMurtry, which it dismissed as time barred (144 Misc 2d 656). Defendants' appeal and plaintiff's cross appeal bring up for review all four causes of action.

■ Concerning the malpractice cause of action against McMurtry, we reject his argument, and reverse IAS's holding, that it is barred by the Statute of Limitations. In reaching this result, we find first that plaintiffs' causes of action for malpractice against both defendants did not accrue, by reason of continuous treatment, until the dates of his last visits to each—December 3, 1981 in McMurtry's case, and October 5, 1982 in Culleton's. Applying the 2½-year statutory limitations period to these dates, then, absent an estoppel to assert the Statute of Limitations, a malpractice claim against McMurtry would have been barred by June 3, 1984, and against Culleton by April 5, 1985. Second, we find that an issue of fact exists as to when plaintiff learned that the tumor was benign, and therefore assume, in his favor, that he learned this no earlier than December 5, 1984, when he was told as much by the neurologist who took over Culleton's practice when the latter retired. Third, we find that plaintiff shows, prima facie, that both defendants learned that the tumor was benign no later

than March 22, 1978, when the results of a CAT scan indicating such were reported to Culleton, and never disclosed this information to plaintiff. Given these facts and assumptions, the question to be decided in connection with McMurtry's Statute of Limitations defense against the malpractice cause of action is simply whether plaintiff, commencing December 5, 1984, exercised "due diligence" in instituting the action against him *(Simcuski v Saeli,* 44 NY2d 442, 450, *supra).*

Where an estoppel to assert the Statute of Limitations is made out, or is assumed to be made out for purposes of a pretrial motion to dismiss, *Simcuski (supra)* makes clear that the question most critical to a Statute of Limitations defense —when did the limitations period expire—loses its determinative significance, and another must be addressed as well—was the action commenced within a reasonable time after the facts giving rise to the estoppel ceased to be operational. This requires the court to determine first, as a matter of fact, when the deception ceased to be operational, and second, as a matter of law, what constitutes a reasonable period of time in which to have commenced an action for malpractice. If the reasonable period of time expires before the statutory period, the plaintiff does not stand to gain any time from the estoppel; but if the reasonable period of time extends beyond the statutory period, then the action is timely if commenced within the reasonable period, and it should make no difference whether the facts giving rise to the estoppel ceased to be operational before the expiration of the statutory period, as happened here with respect to Culleton (Dec. 5, 1984 vis-à-vis Apr. 5, 1985), or continued to be operational beyond the expiration of the statutory period, as happened here with respect to McMurtry (Dec. 5, 1984 vis-à-vis June 3, 1984).

Like IAS, we have no trouble in holding that plaintiff's service of a summons and complaint on Culleton on June 19, 1985, 2½ months after expiration of the Statute of Limitations, constituted due diligence as a matter of law, assuming that plaintiff, as he asserts, first learned that the tumor was benign only 6½ months before, on December 5, 1984. With respect to McMurtry, however, IAS reached an opposite result and dismissed the malpractice cause of action as untimely, since, technically speaking, the action was not commenced against him until May 9, 1988, some 3½ years after plaintiff says he first learned that the tumor was benign, when, apparently reacting to an affirmative defense in McMurtry's answer alleging lack of jurisdiction, he re-served McMurtry with new

process. While the record does indicate that plaintiff's original process on McMurtry was purportedly served on March 25, 1985, some 10 months after expiration of the Statute of Limitations but only 3½ months after plaintiff learned that the tumor was benign, it does not indicate how such process was served, and IAS's decision of June 22, 1988 dismissing the action purportedly commenced with such process does not indicate why it was ineffective to confer jurisdiction. The only possible inference is that the original process was dismissed because of some technical defect in service. Even so, it was obviously adequate enough to apprise McMurtry of the action, as indicated by his service of an answer on April 25, 1985, and the defect in service, whatever it was, did not otherwise cause McMurtry any discernible prejudice. If diligence be the criterion for determining the timeliness of an action in which there is an estoppel against assertion of the Statute of Limitations, there is as much reason to hold the action timely against McMurtry as there is against Culleton. That the original process was improperly served on McMurtry reflects not on plaintiff's diligence but on his process server's competence.

■ Concerning the malpractice cause of action against Culleton, IAS, searching the record, found as a fact that plaintiff first learned that his tumor was benign no earlier than December 5, 1984, and, upon the basis of that finding of fact, dismissed Culleton's Statute of Limitations defense on the ground that commencement of the action against him 6½ months later constituted due diligence as a matter of law. We reverse IAS, and reinstate the Statute of Limitations defense interposed by Culleton against the malpractice cause of action, since the December 5, 1984 date has no support in the record other than the hearsay statements of plaintiff's attorney. Put otherwise, an issue of fact exists as to when the facts supporting an estoppel against Culleton's assertion of the Statute of Limitations ceased to be operational. Of course, the same issue of fact exists with respect to the Statute of Limitations defense interposed by McMurtry against the malpractice cause of action asserted against him.

■ Concerning the fraud cause of action against Culleton, we reject his argument that plaintiff has failed to come forward with proof that Culleton knowingly participated in the alleged concealment of plaintiff's true condition, and affirm IAS's finding (supra, 144 Misc 2d, at 659) that "[p]laintiff has come forward on this motion with more than

sufficient evidentiary proof" to show that Culleton, by reason of CAT scans taken at regular and frequent intervals, had ample means of knowing that plaintiff's tumor was benign by March 22, 1978 at the latest, and yet never disclosed that fact to plaintiff. Nevertheless, we dismiss this cause of action, without prejudice to plaintiff repleading it, since it does not allege damages distinct from those claimed under the malpractice cause of action. According to plaintiff's bill of particulars, all of his injuries were caused by the radiation baths and chemotherapy he underwent at defendants' recommendation, which recommendation was made on the basis of a negligent diagnosis. If that be so, then plaintiff, in order to state a cause of action for fraud in addition to malpractice, must allege an available, efficacious remedy or cure for the injuries caused by the radiation baths and chemotherapy that he was diverted from undertaking in consequence to defendants' concealment of their misdiagnosis; absent such a medical remedy, it cannot be said that any damages were sustained as a result of the concealment (Simcuski v Saeli, supra, 44 NY2d, at 453-454). Since no such possible remedy is alleged—indeed, we understand plaintiff's claim to be that the injuries caused by the radiation and chemotherapy are incurable—a cause of action for fraud is not stated. Nevertheless, we grant plaintiff leave to replead inasmuch as the record does contain indications that some of plaintiff's injuries were caused not by the radiation and chemotherapy but by the tumor itself, namely, a medical report stating that plaintiff's word knowledge and activities increased when the tumor was finally removed surgically in December 1988. Thus, plaintiff's condition might have been earlier alleviated had defendants not concealed his true condition and thereby deprived him of an earlier opportunity to have the tumor surgically removed. The problem is that these additional treatable injuries attributable to the tumor, as distinguished from the untreatable injuries attributable to the radiation baths and chemotherapy, are not particularized; neither does the complaint make clear that it is only for the former injuries that the fraud cause of action against Culleton seeks to recover.

■ Concerning the fraud cause of action against McMurtry, the same considerations apply as those with respect to the fraud cause of action against Culleton, but here we do not grant plaintiff leave to replead, as the cause of action, assum-

ing it has merit, is barred by the Statute of Limitations. "[W]ithout more, concealment by a physician or failure to disclose his own malpractice does not give rise to a cause of action in fraud or deceit separate and different from the customary malpractice action" (Simcuski v Saeli, supra, at 452). Since plaintiff does not allege any contact with McMurtry after his last office visit on December 3, 1981, it must be that no affirmative misrepresentations were made by McMurtry to plaintiff after that date, and since the action was not commenced within six years of that date, or within two years after December 5, 1984, when plaintiff allegedly first learned of the concealment, the fraud claim should have been dismissed as time barred (CPLR 213 [8]; 203 [f]).

Accordingly, the order of Supreme Court, New York County (Eve M. Preminger, J.), entered August 31, 1989, which, inter alia, granted defendants' motion for summary judgment to the extent of dismissing the medical malpractice cause of action against defendant McMurtry, and, upon a search of the record, dismissed the Statute of Limitations defense interposed by defendant Culleton in its entirety, and the Statute of Limitations defense interposed by defendant McMurtry insofar as addressed to the fraud cause of action against him, should be modified, on the law, to deny the defendants' motion insofar as it seeks dismissal of the medical malpractice cause of action against defendant McMurtry, to reinstate the Statute of Limitations defense interposed by defendant Culleton insofar as addressed to the medical malpractice cause of action against him, to grant defendants' motion insofar as it seeks dismissal of the fraud cause of action against defendant Culleton with leave to plaintiff to replead, and to grant defendants' motion insofar as it seeks dismissal of the fraud cause of action against defendant McMurtry without leave to plaintiff to replead, and otherwise affirmed, without costs.

ASCH, ELLERIN and WALLACH, JJ., concur.

Order, Supreme Court, New York County, entered on or about August 31, 1989, unanimously modified, on the law, to deny the defendants' motion insofar as it seeks dismissal of the medical malpractice cause of action against defendant McMurtry, to reinstate the Statute of Limitations defense interposed by defendant Culleton insofar as addressed to the medical malpractice cause of action against him, to grant

defendants' motion insofar as it seeks dismissal of the fraud cause of action against defendant Culleton with leave to plaintiff to replead, and to grant defendants' motion insofar as it seeks dismissal of the fraud cause of action against defendant McMurtry without leave to plaintiff to replead, and otherwise affirmed, without costs and without disbursements.