■ GEORGE L. LABRAKE, Respondent, v PETER J. ENZIEN, Appellant.—Mikoll, J. Appeal from that part of an order of the Supreme Court (Travers, J.), entered August 17, 1989 in Rensselaer County, which, *inter alia,* granted plaintiff's cross motion to direct defendant to serve an answer and permitted plaintiff to litigate the issue of equitable estoppel at trial.

The questions presented on this appeal are whether Supreme Court erred in holding that (1) plaintiff stated an action for fraud in his second cause of action, separate and distinct from the action for malpractice alleged in his first cause of action, (2) the fraud was stated with sufficient detail to comply with the pleading requirements of CPLR 3016 (b), and (3) an immediate pretrial hearing to ascertain whether the doctrines of equitable estoppel or continuous treatment barred defendant from asserting the Statute of Limitations as a defense was unnecessary.

We find that Supreme Court erred in ruling that plaintiff stated a cause of action for fraud, separate and distinct from the cause of action for malpractice, because the measure of the damages sustained in each cause of action is essentially the same. Damages here would be the value of plaintiff's negligence claim *(see, Simcuski v Saeli,* 44 NY2d 442, 452-454; *see also, Harkin v Culleton,* 156 AD2d 19, 21, 25). Therefore, whether the fraud was alleged in sufficient detail to comply with CPLR 3016 (b) is academic in light of our ruling on the second cause of action. However, we find no error in Supreme

Court's finding that an immediate pretrial hearing to litigate the issue of equitable estoppel was unnecessary. Accordingly, the order of Supreme Court should be modified, by reversing so much thereof as denied defendant's motion to dismiss the second cause of action for failure to state a cause of action and granted plaintiff's cross motion for an order directing defendant to serve an answer to the second cause of action.

The facts insofar as pertinent to our decision are as follows. On October 27, 1967, plaintiff was a passenger in the back seat of an automobile owned by another when the automobile ran off a road in the Town of Colonie, Albany County, and overturned. As a result plaintiff sustained serious injuries. Shortly after the accident and while still in the hospital, plaintiff retained defendant as his attorney to represent him on a contingent-fee basis in respect to all claims arising from the accident. Defendant investigated and allegedly advised plaintiff that in addition to a claim against the owner and driver, he had a claim against the governmental bodies responsible for the condition of the road. On a number of occasions defendant allegedly reassured plaintiff that he had a "very strong case in regard to the road" and showed him what he described as a "notice of claim" against the State and the county. At the time defendant initially advised plaintiff that he had a claim against the governmental bodies responsible for the condition of the road, he also apparently told him that such a case would take 15 to 20 years to determine.

In 1971, plaintiff claims that, on the advice of defendant, he agreed to accept $20,000 in settlement of his claims against the owner and driver of the car. Defendant, at that time and thereafter, gave plaintiff assurances that his claim was pending. However, plaintiff avers that in the spring of 1987, defendant finally disclosed to him that there were no pending legal proceedings against any governmental entity on behalf of plaintiff and that such proceeding had been disposed of many years ago. Plaintiff then requested his file from defendant and was told that it was lost.

In July 1988, plaintiff commenced this action alleging in the first cause of action that he sustained damages in consequence of defendant's negligence and malpractice in failing to file a notice of claim on his behalf and in failing to prosecute his meritorious claims against the governmental bodies responsible for the unsafe condition of the road. In the second cause of action, plaintiff alleged that defendant knowingly made certain false representations to him concerning the existence and status of his claim against any responsible governmental

bodies, that he relied on such false representations and that he refrained from seeking other legal counsel, all to his later detriment.

Defendant then moved, pursuant to CPLR 3211 before service of his answer, to dismiss the complaint as time barred or, alternatively, to dismiss the second cause of action in fraud for failure to state a cause of action and for failure to plead the alleged fraud with the specificity required by CPLR 3216 (b). Supreme Court denied the motion and also denied so much of plaintiff's cross motion as sought an order which would equitably estop defendant from asserting any Statute of Limitations defense as a bar to plaintiff's claims, ruling that plaintiff should be allowed to litigate the issue of equitable estoppel at trial. Only defendant has appealed.

As previously stated, defendant's contention that plaintiff's second cause of action does not state a cause of action separate and distinct from the customary cause of action for malpractice is well taken. The measure of damages in each case is the same, i.e., the value of plaintiff's claim for negligence against the governmental body or bodies responsible for the alleged unsafe condition of the road at the site of the accident. While a defendant's concealment or failure to disclose his own malpractice without more does not give rise to a cause of action for fraud or deceit separate and distinct from the customary malpractice action, a separate cause of action for fraud may be established where exposure to liability is not based on errors of professional judgment, but is predicated on proof of the commission of an intentional tort (Simcuski v Saeli, 44 NY2d 442, 452-453, supra). The case of Simcuski v Saeli then sets forth the elements that must be established to prove a cause of action for fraud separate from the malpractice action (supra, at 453-454).

The problem in this case relates to proof of additional damages in the fraud cause of action. In order to establish damages for fraud, plaintiff was required to show that the condition caused by the malpractice could have been corrected or alleviated (see, supra). Here, it appears that the malpractice could have been alleviated if defendant had disclosed to plaintiff that he had failed to timely file any required notice of claim and plaintiff could have then obtained a new attorney who could have secured permission to file a late claim within the allotted time (see, General Municipal Law § 50-e [5]). However, the damages for the failure to do this are the value of the claim lost, i.e., the negligence claim. Thus, as the damages sustained by virtue of a fraud must be different or

additional to those sustained by virtue of any malpractice *(see, Harkin v Culleton,* 156 AD2d 19, 21, 25, *supra; see also, Simcuski v Saeli, supra,* at 452-454), and the fraud damages here are the same, plaintiff's fraud claim cannot be maintained *(see, supra).* We make this assessment even as we construe the complaint liberally in favor of plaintiff on this motion to dismiss *(see, Carp v Marcus,* 112 AD2d 546).

Finally, we reject defendant's claim that Supreme Court erred in not ordering an immediate pretrial hearing on whether the doctrines of equitable estoppel and continuous treatment are operable here to bar defendant from asserting the Statute of Limitations as a defense. Under CPLR 3211 (c), the authority to order an immediate hearing in advance of trial is a matter left to the sound discretion of the trial court *(see, Von Thaden v Groves & Sons Co.,* 97 AD2d 677, 678; *see also, De Vore v Osborne,* 78 AD2d 915, 916). Here, there is no showing that Supreme Court abused its discretion in this regard.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to dismiss plaintiff's second cause of action and granted plaintiff's cross motion for an order directing defendant to serve an answer to the second cause of action; motion granted, cross motion denied and said cause of action dismissed; and, as so modified, affirmed. Weiss, Mikoll and Mercure, JJ., concur.

Kane, J. P., and Yesawich, Jr., J., concur in a memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (concurring). A professional's intentional misrepresentation, in contrast to his simple concealment or nondisclosure of malpractice *(see, e.g., Ross v Community Gen. Hosp.,* 150 AD2d 838, 842), provides ample basis for a fraud cause of action *(see, Harkin v Culleton,* 156 AD2d 19, 21). The difficulty with plaintiff's second cause of action, however, lies in the fact that all the various elements of fraud *(see, Simcuski v Saeli,* 44 NY2d 442, 451) are alleged except injury occasioned by plaintiff's reliance on defendant's claimed misrepresentations. Plaintiff's negligence claims against the State and county were lost, not because of defendant's fraud, but because of the latter's asserted malpractice. For the second cause of action to stand, it must appear that plaintiff was fraudulently and intentionally persuaded by defendant not to seek permission to file a late claim and thereby alleviate the consequences of defendant's malpractice *(supra,* at 452, 454). As that is not alleged here, we agree that the second cause of action must be dismissed.