■ HENRY J. BICKEL, Individually and as Executor of ROGNEDA BICKEL, Deceased, Appellant, v MARCIA ABRAMSON, as Executrix of MAXWELL ABRAMSON, Deceased, et al., Respondents.—Order, Supreme Court, New York County (Michael J. Dontzin, J.), entered October 1, 1990, which granted defendants' motions to dismiss the complaint as barred by the Statute of Limitations, is unanimously affirmed, without costs.

The complaint alleges that in or around 1981, when plaintiff's decedent was admitted to the defendant-hospital for surgery to correct a problem with her hearing, chest X-rays were taken that revealed a "pulmonary density" in the right upper lung field indicative of incipience of the lung cancer that eventually caused her death in May 1986. Plaintiff further alleges that defendants misrepresented to him and his decedent that the chest X-rays were normal, inducing decedent to forgo additional testing and early treatment that might have cured her. However, as the complaint was not served on the various defendants until 1985, IAS dismissed the action as barred by the 2½-year Statute of Limitations set forth in CPLR 214-a. We agree. Without the allegation of underlying malpractice, no cause of action for fraudulent concealment, as outlined by the Court of Appeals in *Simcuski v Saeli* (44 NY2d 442, 453-454) is stated *(Rizk v Cohen,* 73 NY2d 98, 105-106). Plaintiff's purported cause of action for common law fraud alleges nothing more than defendants' mere nondisclosure of decedent's true condition, and, as such, is no different from the customary malpractice action *(Simcuski v Saeli, supra,* at 452; *Harkin v Culleton,* 156 AD2d 19, 26, *lv dismissed* 76 NY2d 936). Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Asch, JJ.