■ SAINT ALEXANDER'S CHURCH, Respondent, v JOHN J. MCKENNA, Doing Business as MCKENNA ASSOCIATES, Appellant. [742 NYS2d 165] —Cardona, P.J. Appeal from an order of the Supreme Court (Dawson, J.), entered July 11, 2001 in Clinton County, which partially denied defendant's motion for summary judgment dismissing the complaint.

In May 1987, plaintiff engaged a contractor to replace the roof on its church. Defendant was hired as the project architect and received a fee for his professional services. The project was completed on or about August 21, 1987 and, subsequently, the roof leaked causing internal and exterior damage. On June 8, 1998, plaintiff commenced this action to recover damages for repairs. The complaint alleged five causes of action: the first, for negligent design of the new roof; the second, for negligent failure to "file or register for the 30 + year manufacturer's warranty for the shingles"; the third, for breach of the warranty of merchantability; the fourth, for fraud; and the fifth, for architectural malpractice. Defendant answered raising, inter alia, the statute of limitations and failure to state a cause of action as affirmative defenses.

On March 30, 2001, defendant moved, pursuant to CPLR 3212, seeking dismissal of the first, second, third and fifth causes of action upon the ground that they were barred by the statute of limitations. Dismissal of the fourth cause of action was predicated upon plaintiff's alleged noncompliance with the specificity requirements for pleading a cause of action in fraud (*see*, CPLR 3016 [b]). Supreme Court dismissed only the third cause of action, resulting in this appeal.

Initially, we address defendant's contention that Supreme Court erred when it denied his motion to dismiss the first, second and fifth causes of action as barred by the statute of limitations. To the extent that the first and second causes of action seek damages for injury to property, they should have

been dismissed since they are barred by the three-year statute of limitations (*see*, CPLR 214 [4]). To the extent that they are grounded in malpractice, as is the fifth cause of action, they are governed by the statute of limitations set forth in CPLR 214 (6). In 1996, "the Legislature amended CPLR 214 (6) to apply a three-year limitations period to all nonmedical malpractice actions, whether based on tort or contract" (*Chase Scientific Research v NIA Group*, 96 NY2d 20, 25). Thus, except for a claim alleging breach of a contract to obtain a particular bargained-for result, the applicable statute of limitations against a nonmedical professional for professional misfeasance is three years (*see*, *id.* at 25).

We agree with defendant that plaintiff's malpractice claims, which accrued 11 years prior to the commencement of the action when the project was completed (*see*, *Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389, 394; *Greater Johnstown City School Dist. v Cataldo & Waters, Architects*, 159 AD2d 784, 785), are time barred unless, as plaintiff urges, they were tolled under the "continuous treatment" doctrine (*see, e.g.*, *Greater Johnstown City School Dist. v Cataldo & Waters, Architects*, *supra* at 786; *Board of Educ. of Hudson City School Dist. v Thompson Constr. Corp.*, 111 AD2d 497). We cannot agree with Supreme Court's finding that plaintiff's allegations are sufficient to raise a question of fact as to the existence of such a continuing professional relationship between the parties. Neither plaintiff's attorney's affidavit in opposition to the motion nor plaintiff's verified complaint offers evidentiary proof that defendant actively continued its responsibilities under the contract by working with plaintiff after August 21, 1987 to rectify the alleged acts of malpractice (*see*, *City of New York v Castro-Blanco, Piscioneri & Assoc.*, 222 AD2d 226, 227-228; *Greater Johnstown City School Dist. v Cataldo & Waters, Architects*, *supra* at 786-787). Since the "continuous treatment" doctrine did not toll the three-year statute of limitations for the claims raised in the first, second and fifth causes of action, summary judgment should have been awarded dismissing those claims.

Next, we address defendant's argument that Supreme Court should have dismissed the fourth cause of action for failure to plead the alleged fraud with the specificity required by CPLR 3016 (b) and for failure to allege damages separate and distinct from the damages caused by the alleged malpractice. Essentially, plaintiff claims that after the completion of the project, defendant misled its parishioners about the existence of a warranty on the roof.

Addressing first the separate damages issue, we note that "damages sustained by virtue of a fraud must be different or additional to those sustained by virtue of any malpractice" (*LaBrake v Enzien,* 167 AD2d 709, 711-712; *see, Simcuski v Saeli,* 44 NY2d 442, 452-453; *Harkin v Culleton,* 156 AD2d 19, 25, *lv dismissed* 76 NY2d 936). Therefore, in addition to tendering proof in admissible form supporting each of the traditional elements of intentional fraud,\* plaintiff must also demonstrate that it failed to pursue an available remedy which would have corrected or alleviated the condition caused by the malpractice had it not been diverted from doing so by its reliance upon defendant's alleged misrepresentation (*see, Simcuski v Saeli, supra* at 453-454; *LaBrake v Enzien, supra* at 711; *Harkin v Culleton, supra* at 25). Notably, plaintiff has not alleged the existence of a possible remedy. We find, therefore, that the measure of damages for each cause of action is the same, i.e., the cost of repairs to the roof. Inasmuch as plaintiff has not established a fraud "separate from and subsequent to the malpractice claim" (*Simcuski v Saeli, supra* at 452), the fourth cause of action must be dismissed. Finally, we find defendant's remaining argument—whether the fraud allegations satisfied the specificity requirements of CPLR 3016 (b)—to be academic in light of our determination to dismiss the fourth cause of action.

We have considered defendant's remaining contentions and find that they lack merit.

Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant's motion for summary judgment; motion granted in its entirety and summary judgment awarded to defendant dismissing the first, second, fourth and fifth causes of action; and, as so modified, affirmed.

---

\* These elements are "misrepresentation of a material existing fact, falsity, scienter, deception and injury" (*Callahan v Callahan,* 127 AD2d 298, 300; *see, Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 407).