**In re Wilber B. MARSHALL, Jr., Debtor.**

**Janet M. Meiburger, Trustee, Complainant,**

v.

**Ocwen Federal Bank, FSB, et als., Defendant.**

**Bankruptcy No. 02–80496–RGM. Adversary No. 03–1012.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Dec. 22, 2003.

Mark F. Werblood, Tesler & Werblood, Falls Church, VA, for Debtor.

Janet M. Meiburger, Meiburger & Associates, McLean, VA, pro se.

Dennis J. Early, Frank J. Bove, Office of the U.S. Trustee, Alexandria, VA, for U.S. Trustee.

Chase Manhattan Mortgage Corporation, pro se.

Vivieon E. Kelley, Troutman Sanders LLP, Kirk D. McQuiddy, Richmond, VA, Robert L. Vaughn, Glennon, Lubeley, Vaughn & Walker, Reston, VA, James R. Schroll, Thomas W. Repczynski, Bean, Kinney & Korman, Arlington, VA, Brian F. Kenney, J. Douglas Cuthbertson, Miles & Stockbridge, P.C., McLean, VA, for Defendant.

Aaron Johnson, pro se.

## MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

The question presented is whether the Virginia statute of limitations is suspended for the benefit of the debtor or his present trustee during the period that the debtor's prior bankruptcy was pending. The court concludes that the Virginia statute of limitations was not tolled as to the debtor or his trustee and that this case is time-barred.

Wilber B. Marshall, Jr., first filed a voluntary petition in bankruptcy on August 29, 2000. That petition was filed under chapter 11 of the United States Bankruptcy Code. The debtor remained in possession of his estate until the case was converted to a case under chapter 7 on February 21, 2001. An interim chapter 7 trustee was appointed about February 24, 2001, and became the permanent trustee at the conclusion of the first meeting of creditors. 11 U.S.C. § 702(d). The debtor was granted a discharge on June 6, 2001. The trustee filed his no distribution report on December 4, 2001. The case was closed on December 7, 2001.

Marshall filed his second voluntary petition in bankruptcy on February 5, 2002, again under chapter 11. Marshall remained in possession of his estate until Janet M. Meiburger was appointed chapter 11 trustee on March 24, 2003. On January 2, 2003, while still a debtor-in-possession, Marshall filed the present complaint. Meiburger was substituted as the plaintiff in the adversary proceeding.

The parties agree that the two-year statute of limitations applies to the claims asserted. Va.Code Ann. § 8.01–248 (Michie 2003). They also agree that the claims arose no later than July 26, 1999, and had no bankruptcy been filed by Marshall that the statute of limitations would have run on July 26, 2001, about 18 months before this complaint was filed. The extension of time given, first to the debtor-in-possession and then the chapter 11 trustee, by 11 U.S.C. § 108(a), is only helpful to Meiburger if the statute of limitations had not run when this bankruptcy was commenced on February 5, 2002. If it had not run on the date this case was filed, under § 108(a), Marshall would have had the longer of the original period or two years after the order for relief in this case. The applicable date would be February 5, 2004. The question is whether the statute of limitations had run before Marshall filed his second bankruptcy.

The trustee suggests that § 108(a) extends the original statute of limitation by its application in both cases. In the first case, the original statute of limitations, she argues, is extended to August 29, 2002.[1]

---

1. The first case was filed on August 29, 2000. Section 108(a) extended the time within which the trustee could file an action to August 29, 2002, which is the later of the expira-

Thus, when the second case was filed on February 5, 2002, the statute of limitations as extended by § 108(a) had not run and § 108(a) would apply in the second case, extending the statute of limitations a second time, this time to February 5, 2004. However, if the statute of limitations had run on the date this case was filed, there is nothing for § 108(a) to extend because it grants an extension to the trustee [2] only if the "period within which the debtor may commence an action . . . has not expired before the date of the filing of the petition." 11 U.S.C. § 108(a).

■■■■ The fallacy of the trustee's argument is that § 108(a) does not enlarge the statute of limitations by a set period of two years, if applicable, but only grants the trustee an extension of time *up to* two years to commence an action. The extension inures only to the trustee's benefit. The plain language of § 108(a) applies only to a trustee, just as the plain language of § 506(c) applies only to a trustee. *See Hartford Underwriters Ins. Company v. Union Planters Bank, N.A. (In re Hen House Interstate, Inc.),* 530 U.S. 1, 6, 120 S.Ct. 1942, 1947, 147 L.Ed.2d 1 (2000); *Ford Motor Credit Company v. Reynolds & Reynolds Company (In re JKJ Chevrolet, Inc.),* 26 F.3d 481 (4th Cir.1994) (Section 506(c) action may only be brought by trustee). The effect of the limitation to the trustee is important. For example, if the cause of action ceases to be property of the estate,[3] the trustee no longer has a

cause of action that he may pursue and the extension granted to the trustee ends. At that point, the cause of action—if not time-barred—revests in the party (typically the debtor) in whom it was vested when the case was commenced. The benefit of the extension granted by § 108(a) is for the benefit of the estate and is, effectively, personal to the trustee. The debtor does not benefit from it. If the original statute of limitation has not expired when the § 108(a) extension expires or terminates, the debtor may pursue it himself. If it expired during the pendency of the bankruptcy case, it is not revived when it ceases to be property of the estate and the debtor may not pursue the cause of action. *See AMS Realty, Inc. v. Tao,* 114 B.R. 229, (Bankr.C.D.Cal.1990). In short, any extension granted to a trustee under § 108(a) terminates before the additional two-year period if the cause of action ceases to be property of the estate before the expiration of the two-year period. The extension does not extend the statute of limitations, it merely grants the trustee—and only the trustee—an extension of time for a period not to exceed two years during which the cause of action is property of the estate. *See* 2 Collier on Bankruptcy ¶ 108.02[3] (15th ed. rev., 2003). Here, the statute of limitations ran on December 7, 2001, when the cause of action was abandoned by the estate. 11 U.S.C. § 554(c).

■■■ The chapter 11 trustee and the debtor next argue that Va.Code Ann. § 8.01–229(A)(2)(b) [4] extends the statute of

tion of the statute of limitations (July 26, 2001) two years after the commencement of the case (August 29, 2002).

**2.** The term "trustee" includes a debtor in possession. 11 U.S.C. § 1107.

**3.** Property of the estate ceases to be property of the estate when it is abandoned (11 U.S.C. § 554), exempted (11 U.S.C. § 521) or sold (11 U.S.C. § 363). If it is scheduled and not abandoned, exempted or sold during the ad-

ministration of the estate, it is deemed abandoned upon closing of the case (11 U.S.C. § 554). If it is not scheduled and not abandoned, exempted or sold during the administration of the estate, it remains property of the estate even when the case is closed. 11 U.S.C. § 554.

**4.** Section 8.01–229(A) addresses two situations involving infants and incapacitated individuals. Section 8.01–229(A)(1) speaks to those causes of action that accrue *while* the

limitations for an incapacitated person which, they argue, includes a debtor in a bankruptcy case. They argue that the debtor is not capable of protecting his rights while a trustee is in control of the bankruptcy estate. During that period, only the trustee may prosecute a suit to recover on the cause of action. Only when the cause of action revests in the debtor may the debtor protect his rights. Thus, they argue, the statute of limitations was tolled by § 8.01–229(A)(2)(b) for the almost ten-month period during the first bankruptcy when the case was under chapter 7 and a chapter 7 trustee was appointed. They conclude that the statute of limitation expired, with the suspension, on May 12, 2002,[5] a date after the filing of the second bankruptcy on February 5, 2002. Since § 108(a) would then give the debtor-in-possession two years from February 5, 2002, to file this suit, that is, until February 2, 2004, this complaint was timely filed on January 2, 2003.

Section 8.01–229(A)(2)(b) simply cannot be read in the manner that the debtor and the chapter 11 trustee argue. Section 8.01–229 is a general tolling statute. It seeks to consolidate most of the disparate tolling provisions into one code section. Subsection A concerns disabilities that toll the statute of limitations. It specifically includes infants and persons who are incapacitated. A person is deemed incapacitated "if he is so adjudged by a court of

competent jurisdiction, or if it shall otherwise appear to the court or jury determining the issue that such person is or was incapacitated within the prescribed limitation period." Va.Code § 8.01–229(A)(2)(b). Admittedly, the debtor was not adjudged to be incapacitated by any court. They rely on the last clause and seek a determination from this court that he was incapacitated because of the appointment of the chapter 7 trustee in the first case.

However broad this definition may be, it does not include debtors in a pending bankruptcy case simply because they are debtors. When the General Assembly intended to address bankruptcy, it did so in unmistakable terms. Section 8.01–229(D) states:

> D. *Obstruction of filing by defendant.*—When the filing of an action is obstructed by a defendant's (i) filing a petition in bankruptcy or filing a petition for an extension or arrangement under the United States Bankruptcy Act or (ii) using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought.

This very specific provision extends the statute of limitations as to parties having causes of actions *against* the debtor. There is no similar provision benefitting debtors while their case is pending.[6]

---

individual is incapacitated. Section 8.01–229(A)(2)(b) speaks to those causes of action that accrue *before* an individual becomes incapacitated. Here the debtor and the trustee rely on the latter because the cause of action accrued before the filing of the first bankruptcy case.

5. May 12, 2002, is computed by taking the date of the expiration of the original statute of limitations (July 26, 2001) and adding the almost ten-month period that the trustee and debtor assert was tolled while the chapter 7

trustee was in control of the estate in the first case.

6. Section 8.01–229(D) has substantially the same effect as § 8.01–229(C) which tolls the statute of limitations when the commencement of an action is stayed by an injunction. The commencement of a bankruptcy case invokes the automatic stay. 11 U.S.C. § 362. The Bankruptcy Code gives potential plaintiffs—assuming that the claim is not discharged—an additional protection. Section 108(c) extends the period to the later of the

Nor is there any need for such a provision. The tolling statute is intended to preserve claims of those who are not capable of protecting them and cannot assert them. In a bankruptcy case, the bankruptcy trustee controls the assets of the estate, including all causes of action. 11 U.S.C. § 541. The trustee is fully capable of preserving those assets and commencing any action necessary to vindicate the estate's rights. The debtor, by voluntarily seeking the benefits of bankruptcy, divests himself of all of his non-exempt assets. It is not that there is no one available to prosecute the cause of action, it is just that the person who may prosecute it is not the debtor. It is as if an individual with a cause of action that may be assigned actually assigned it to a third party. The assignor is not incapacitated, he simply has no right to pursue the cause of action. The cause of action itself may always be asserted by someone who is not incapacitated—initially the assignor, later the assignee.

In the case of an incapacitated individual, this may not be the case. The General Assembly recognized the distinction between an incapacitated individual without a conservator, guardian, or committee and one with such a legal representative. When no conservator, guardian or committee is appointed for an incapacitated person, no one is charged with the responsibility with protecting the incapacitated individual or his property. Section 8.01–229(A)(2)(b) addresses this situation. Where a cause of action accrues before an individual becomes incapacitated and a conservator, guardian or committee is appointed for him, the statute of limitation is tolled from the time the person becomes incapacitated until a conservator, guardian or committee has been appointed. Upon appointment, the statute of limitations is extended until the later of the original statute of limitations or one year after the qualification of the conservator, guardian or committee.[7]

The court concludes that § 8.01–229(A)(2)(b) does not grant a debtor in a bankruptcy case an extension of time within which to commence an action. It does not toll the statute of limitations for such a debtor. Consequently, the statute of limitations expired on December 7, 2001. The debtor argues that if this is the result, all debtors are deprived of their opportunity to bring a suit if the statute of limitations runs, except for the extension granted only to the trustee, during the term of the trustee. This overlooks the fact that filing bankruptcy is not without its costs. This result is just one of the disadvantages of filing bankruptcy.[8] The asset—the cause of action—is, however, always fully protected.

original statute of limitation plus any tolling and 30 days after notice of the termination or expiration of the stay under §§ 362, 922, 1201, or 1301 with respect to the claim.

7. The parties agree that the cause of action was scheduled in the first case. If it had not been scheduled, the result would be the same. The cause of action would remain property of the first estate notwithstanding that the case had been closed. The statute of limitations would have run against the first trustee. His statute of limitations ran on the later of July 26, 2001, the expiration of the original statute of limitations, or about February 24, 2003, two years after his appointment, both of which passed without the commencement of an action by the first trustee. Neither the debtor as debtor in possession in the second case nor the chapter 11 trustee could not have commenced this action because it would have remained property of the first bankruptcy estate.

8. In proper circumstances it might be possible for a trustee to commence the case and then abandon it as a pending case. Since it would have been timely commenced, the debtor could then be substituted as the proper party plaintiff and prosecute the action.

The General Assembly balanced the rights of an incapacitated person to file a suit with the right of a prospective defendant to closure. Where there is no one available to protect the incapacitated person, the statute of limitations is tolled. However, where a legal representative is available to prosecute a cause of action, the statute of limitations runs after the legal representative is given an extension of time. In bankruptcy, there is always someone, whether it is the debtor-in-possession or the trustee, who may prosecute a cause of action. The debtor is not in the same situation as an incapacitated individual without a legal representative.

The motions of Chase Manhattan Mortgage Corporation, Aaron Johnson and Martin Saenz to dismiss the case as to them will be granted.