■ Martin Safer, Respondent, v Long Beach Medical Center et al., Appellants, et al., Defendants. [833 NYS2d 68]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 16, 2005, which denied defendants' cross motions to dismiss the complaint as time-barred under CPLR 214-a, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly. Appeal from order, same court, Justice and entry date, which granted plaintiff's motion to amend the complaint so as to add a cause of action for wrongful death, unanimously dismissed, without costs, as academic.

In the medical malpractice context, the application of the doctrine of equitable estoppel may not be based upon the same misrepresentation or act of concealment which forms the basis of plaintiff's underlying substantive cause of action. In such circumstances, a plaintiff's allegations "do not establish that [a

physician], acting with knowledge of *prior* malpractice, made *subsequent* misrepresentations in an attempt to conceal his earlier negligence" (*Rizk v Cohen*, 73 NY2d 98, 105-106 [1989] [citation omitted]). Therefore, the motion court erred in ruling that defendants are equitably estopped from raising the statute of limitations as a defense. Defendants' failure to communicate the results of decedent's X ray to him may not form the basis of both the malpractice claim and the application of equitable estoppel (*see also Kremen v Brower*, 16 AD3d 156 [2005]; *Chesrow v Galiani*, 234 AD2d 9, 10-11 [1996]).

The motion court's attempt to differentiate the negligence upon which the action is based (namely, the failure to diagnose lung cancer) from the claimed basis for the sought estoppel (i.e., the failure to communicate the results of the x-ray study, as promised by the discharge instructions), must fail. The failure to communicate the results of the X ray was not subsequent to and with the knowledge of a prior failure to diagnose lung cancer; the two failures are interconnected. Under these circumstances, the application of equitable estoppel to preclude defendants from asserting the statute of limitations as a defense was in error.

*Harkin v Culleton* (156 AD2d 19 [1990], *lv dismissed* 76 NY2d 936 [1990]), relied on by plaintiff, is distinguishable. In *Harkin*, this Court held certain defendants to be equitably estopped from asserting the statute of limitations as a defense where the plaintiff was mistakenly diagnosed as having a malignant tumor, as a consequence of which he unnecessarily underwent radiation and chemotherapy, and defendant doctors discovered, as a result of a CT scan taken two years later, that the tumor was benign, and that the treatment then being administered was inappropriate, but allegedly concealed this fact from the plaintiff.

In view of the applicable statute of limitations defense, defendants' motion should have been granted, and plaintiff's application to amend the complaint so as to add a wrongful death claim is academic. Concur—Saxe, J.P., Nardelli, Buckley, Gonzalez and Sweeny, JJ.