■ VICTORIA KREMEN et al., Respondents, v BENEDICT P. MORELLI & ASSOCIATES PC, Also Known as MORELLI RATNER PC, et al., Appellants, et al., Defendants. [864 NYS2d 2]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered October 22, 2007, which denied the motion to dismiss the amended complaint, unanimously reversed, on the law, without costs, and the motion granted with respect to the Morelli and Ratner defendants. The Clerk is directed to enter judgment in favor of defendants Morelli Ratner PC, Benedict P. Morelli Esq., David S. Ratner Esq. and Jennie L. Shatynski Esq. dismissing the amended complaint as against them. Appeal from order, same court and Justice, entered May 9, 2007, which denied the Morelli/Ratner defendants' motion to dismiss the original complaint, unanimously dismissed, without costs.

Plaintiffs allege negligence in legal representation in their

original medical malpractice action, which was dismissed as untimely. Specifically, they allege failure to argue their entitlement to the "bankruptcy toll" of the statute of limitations. 11 USC § 108 (a) (2) provides debtors a two-year toll of an existing statute of limitations period, but only if "such period has not expired before the date of the filing of the petition." Here, the bankruptcy toll was not triggered because the statute of limitations had already run.

Defendants' argument is consistent with both the explicit text of the statute and the estoppel theory underpinning fraudulent concealment. "To be entitled to an estoppel, the plaintiff must show, in addition to fraudulent conduct by the physician, that he was diligent in commencing the action once he learned of the malpractice" (*Harkin v Culleton*, 156 AD2d 19, 21 [1990], *lv dismissed* 76 NY2d 936 [1990]). Simply filing a bankruptcy petition, in which plaintiffs did not even include the possible medical malpractice claim on their initial schedule of assets, does not demonstrate diligent pursuit of this claim. To hold otherwise would alter the elements of fraudulent concealment so as to excuse the due diligence inquiry, thus changing, rather than applying, the applicable nonbankruptcy law.

Moreover, plaintiffs lack standing to bring this action. Once the bankruptcy estate was fully administered and the trustee abandoned the claim, the cause of action revested solely in plaintiffs' names. When a trustee abandons a claim as to the debtor, the latter may no longer invoke the benefit of 11 USC § 108 (a) (2) (*see In re Marshall*, 307 BR 517, 520 [ED Va 2003]). Concur—Gonzalez, J.P., Buckley, Moskowitz, Renwick and DeGrasse, JJ. [*See* 17 Misc 3d 1120(A), 2007 NY Slip Op 52088(U).]