Zappin v. Cooper

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

------

**Anthony Zappin,**

> *Plaintiff-Appellant,*

> v.                                                  23-671

**Matthew F. Cooper, Kevin M. Doyle, David Evan Schorr,**

> *Defendants-Appellees,*

**Michael Berg, Letitia A. James, Esq.,**

> *Defendants.*

------

FOR PLAINTIFF-APPELLANT:          Anthony Zappin, pro se, North Myrtle Beach, SC.

FOR DEFENDANTS-APPELLEES:          Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General,

Andrea W. Trento, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, NY, *for Matthew F. Cooper and Kevin M. Doyle*.

David Evan Schorr, pro se, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Anthony Zappin, a disbarred attorney proceeding pro se, brought civil claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Justice Matthew Cooper, the state court judge who presided over substantial portions of Zappin's divorce proceedings; Kevin Doyle, a staff attorney for the Attorney Grievance Committee who initiated disciplinary proceedings leading to Zappin's disbarment; and David Schorr, an attorney who represented Zappin for part of his divorce proceedings. Zappin also brought a fraud claim against Schorr under state law.[*] Zappin appeals the district court's judgment dismissing his amended complaint as time-barred and for failure to state a claim. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

**I.      Standard of Review**

We review a sua sponte dismissal and a grant of a motion to dismiss de novo. *Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019) (grant of a motion to dismiss); *Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010) (per curiam) (sua sponte dismissal). While "a court is ordinarily

---

[*] Zappin initially brought claims of tortious interference with parental rights and abuse of process as well, but abandoned those claims by not briefing them on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995). He also included New York's Attorney General and Assistant Attorney General as defendants, but later voluntarily dismissed his claims against them.

2

obligated to afford a special solicitude to *pro se* litigants," "a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010); *see also United States v. Pierce*, 649 F. App'x 117, 117 n.1 (2d Cir. 2016) (summary order) (applying this rule to a disbarred attorney).

**II.     Civil RICO Claims**

Zappin argues that his civil RICO claims were timely filed and stated a claim. We disagree. The district court correctly concluded that the claims are untimely.

Civil RICO claims are subject to a four-year statute of limitations. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 361 (2d Cir. 2013). Under the "discovery accrual rule," the limitations period for RICO claims "begins to run when the plaintiff discovers or should have discovered the RICO injury." *Id.* (internal quotation marks omitted).

Zappin filed his complaint on March 11, 2022, so his RICO injury must have occurred no earlier than March 11, 2018. In his amended complaint, Zappin identified his disbarment on March 8, 2018, Justice Cooper's September 2015 sanction decision, and the February 2016 custody decision as the sources of his RICO injuries. Because those injuries occurred before March 11, 2018, the RICO claims are untimely.

Zappin's arguments to the contrary are meritless. First, the doctrine of equitable tolling does not apply here. Civil RICO claims may be subject to equitable tolling "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Arellano v. McDonough*, 598 U.S. 1, 6 (2023) (internal quotation marks omitted). Here, no extraordinary circumstance prevented Zappin from bringing a timely action. Notably, Zappin has filed several prior actions, before the RICO limitations period expired, raising other

civil claims based on injuries from the sanction decision, custody decision, and disbarment. Zappin argues that Appellees' alleged failure to produce documents in those past cases concealed their actions and merits equitable tolling. But Zappin filed this suit without access to those documents, so their unavailability cannot be the reason he failed to file earlier.

Second, Zappin's argument that the RICO claim did not accrue until he discovered in March 2020 that Schorr purportedly had been involved in the scheme is unavailing because the limitations period for RICO claims is governed by the discovery accrual rule. *Cohen*, 711 F.3d at 361. Under that rule, the "relevant inquiry" is when the plaintiff discovered his injury, not when he "discovered the identity of the defendants." *Levy v. BASF Metals Ltd.*, 917 F.3d 106, 108 (2d Cir. 2019) (per curiam). Regardless, the amended complaint is clear that Zappin did know that Schorr was involved in the alleged scheme against him back in 2015. It says that Zappin fired Schorr "near the end of the *Zappin v. Comfort* child custody trial" when "it became apparent that he was working in tandem with . . . Doyle [and other non-defendants]." App'x at 33. That termination occurred on December 21, 2015. *See* Appellant's Br. at 30.

Finally, Zappin argues that his reciprocal disbarments in the District of Columbia and West Virginia in 2019 and 2021 render his RICO claims timely. But neither disbarment is alleged in the amended complaint, so we do not consider them.

**III.    State-Law Fraud**

Zappin argues that his fraud claim was timely and stated a claim. We agree with the district court (although for different reasons) that the claim was untimely and so do not reach Zappin's arguments about the merits of that claim. *See Latner v. Mount Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2d Cir. 2018) ("We may affirm the decision of the District Court for any reason supported

4

by the record.").

The district court concluded that the fraud claim was time-barred because it was not filed within six years of the alleged fraud. Zappin agrees that the claim was not brought within six years but contends that it is timely after accounting for executive orders issued during the COVID-19 pandemic that increase the limitations period by 228 days. We need not determine the effect of those executive orders on the limitations period because the six-year limitations period does not apply to this claim.

Under New York law, "an action based upon fraud" must be commenced within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it." N.Y. C.P.L.R. 213(8). But a plaintiff may not take advantage of the six-year statute of limitations for a fraud claim when such a claim "essentially" complains only of malpractice. *See APR Energy Holdings Ltd. v. Deloitte Tax LLP*, 209 A.D.3d 402, 404 (1st Dep't 2022) ("[F]raud allegations that essentially state a malpractice claim cannot serve to circumvent the shorter statute of limitations for malpractice." (cleaned up)).

Here, Zappin alleges that Schorr falsely stated that he would work in Zappin's "best interests" to induce him to hire Schorr and to continue that representation. Zappin then asserted several ways in which he believed that Schorr did not act in his best interests during the representation. Zappin thus was "essentially" complaining that Schorr committed malpractice by failing to act in Zappin's best interests as promised, and his claim was properly considered as one for legal malpractice, not fraud. *Id.*; *see also New Canaan Cap. Mgmt., LLC v. Chadbourne & Parke LLP*, 194 A.D.3d 424, 425 (1st Dep't 2021) (concluding that "allegations that the attorney

5

defendants violated their duties as lawyers" should be brought as malpractice claims, not fraud claims).  The statute of limitations for malpractice is three years, not six.  N.Y. C.P.L.R. 214(6).  On appeal, Zappin concedes that his "fraud" claim accrued when he fired Schorr on December 21, 2015.  So to be timely, his claim, which was essentially one for malpractice, had to be filed by December 21, 2018.  *See id.* [1]  The claim is thus time-barred.  Zappin's reliance on executive orders extending the limitations period due to COVID-19 is unavailing because those orders were issued in 2020, well after the limitations period had expired.

## IV.     Filing Injunction

Finally, Zappin may not challenge here a filing injunction that the district court entered in another case, *Zappin v. Cooper*, S.D.N.Y. 20-cv-2669.  *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (holding that a challenge to a filing injunction must be brought on direct appeal from the order imposing the filing injunction).  And another panel of this Court recently affirmed that injunction.  *See Zappin v. Cooper*, No. 23-165, 2024 WL 3084015, at *4-5 (2d Cir. June 21, 2024) (summary order).

---

[1] We acknowledge that "a separate cause of action for fraud may be established where exposure to liability is not based on errors of professional judgment, but is predicated on proof of the commission of an intentional tort." *LaBrake v. Enzien*, 167 A.D.2d 709, 711 (3d Dep't 1990).  As discussed above, Zappin's allegations sound in malpractice.  But even assuming for the sake of argument that some of his allegations involve independent, intentionally tortious content, such a fraud claim would not be separate and distinct from a malpractice claim because "the measure of the damages sustained in each cause of action is essentially the same." *Id.* at 709.  In other words, "damages sustained by virtue of a fraud must be different or additional to those sustained by virtue of any malpractice," *id.* at 711-12, but because Zappin has not alleged any additional damages that would be "separate and distinct from those generated by the alleged malpractice," *White of Lake George Inc. v. Bell*, 251 A.D.2d 777, 778 (3d Dep't 1998), he does not have an independent fraud claim.

\* \* \*

We have considered Zappin's remaining arguments and find them to lack merit. Accordingly, we **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court