Borek v Seidman (2024 NY Slip Op 04898)

Borek v Seidman

2024 NY Slip Op 04898

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Webber, J.P., Scarpulla, Rodriguez, Pitt-Burke, JJ. 

Index No. 805351/21 Appeal No. 2719-2722 Case No. 2023-01272, 2023-02051 

[*1]Nachum Borek, Plaintiff-Appellant,
v
Dr. Stuart Seidman, Defendant, Dr. Elizabeth Sublette et al., Defendants-Respondents.

Nachum Borek, appellant pro se.
Lewis Brisbois Bisgaard & Smith, LLP, New York (Nicholas P. Hurzeler of counsel), for Dr. Elizabeth Sublette, respondent.
Martin Clearwater & Bell LLP, New York (Richard Wolf of counsel), for New York Presbyterian/ Weill Cornell Medical Center and Payne Whitney Psychiatric Clinic, respondents.

Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about February 14, 2023, which converted defendant Dr. Elizabeth Sublette's post-answer motion to dismiss the amended complaint against her as time-barred to a motion for summary judgment, on notice, and granted the motion, unanimously affirmed, without costs.
Judgment, same court and Justice, entered April 13, 2023, in favor of defendants New York Presbyterian/Weill Cornel Medical Center, Payne Whitney Psychiatric Clinic (collectively, NYPH defendants) and against plaintiff, dismissing the amended complaint against said defendants, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 16, 2023, which denied the branch of plaintiff's motion to renew NYPH defendants' motion to dismiss plaintiff's amended complaint as against them as time-barred, denied the branch of plaintiff's motion to renew which sought to equitably estop the NYPH defendants' reliance upon a statute of limitations defense, denied the branch of plaintiff's motion to renew his motion to compel defendant Dr. Elizabeth Sublette to provide him with all medical records in her possession as to her treatment of him and denied plaintiff's informal request to seal numerous docket entries in this action, including those specifically designated in the New York State Court Electronic Filing System, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendant psychiatrist Dr Elizabeth Sublette established prima facie entitlement to summary judgment dismissing plaintiff's medical malpractice action as against her. She submitted evidence demonstrating she last treated plaintiff on May 15, 2016, and the applicable 2 1/2 -year statute of limitations (CPLR 214-a) had expired on November 15, 2018, several years before plaintiff commenced this action on November 4, 2021.
Plaintiff relies on the doctrine of equitable estoppel to bar Dr. Sublette's reliance on a statute of limitations defense. The doctrine requires proof that plaintiff was induced by defendant's "fraud, misrepresentations, or deception" to be untimely in commencing an action (Simcuski v Saeli, 44 NY2ds 442, 448-449 [1978]). The plaintiff must demonstrate that he or she "was actively misled or prevented in some extraordinary way from timely commencing a malpractice action" (Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman, LLP, 188 AD3d 530, 531 [1st Dept 2020]; see also O'Hara v Bayliner, 89 NY2d 636, 646 [1997], cert denied 522 US 822 [1997]). A plaintiff must show specific acts by a defendant to prevent a plaintiff from timely commencing an action, and the plaintiff's reasonable reliance upon a defendant's alleged deception, fraud, or misrepresentations (see Putter v North Shore Univ. Hosp., 7 NY3d 548, 552-553 [2006]).
Application of the equitable estoppel doctrine "may not be based on the same misrepresentation or act of concealment which forms the basis of plaintiff's [*2]underlying substantive cause of action" (see Safer v Long Beach Med. Ctr., 39 AD3d 257, 257 [1st Dept 2007], lv denied 9 NY3d 803 [2007]). Here, plaintiff alleges that Dr. Sublette engaged in medical malpractice by knowingly misdiagnosing him and prescribing debilitating, unnecessary medication, which prevented him from bringing a timely lawsuit. Plaintiff also argues that Dr. Sublette delayed his commencement of an action by telling him his mother's understanding regarding the cause of his mental condition was wrong. These allegations are part of the lawsuit and fail to include that "subsequent and specific actions by [Dr. Sublette] somehow kept [plaintiff] from timely bringing suit" (Putter, 7 NY3d at 552).
Indeed, the amended complaint alleges that plaintiff was aware of the statute of limitations, but that he elected to wait and not timely commence an action to gain more evidence to support his malpractice claim. Further, plaintiff offers no medical evidence to raise a factual issue as to whether the medical defendants treated plaintiff with anti-psychotic medication with a fraudulent or deceptive purpose to prevent plaintiff from filing a lawsuit, as opposed to simply treating his mental condition. Plaintiff did not offer medical evidence to establish that he did not require the anti-psychotic medication prescribed and/or that the prescribed medication precluded plaintiff from understanding the alleged claims and commencing an action.
To the extent plaintiff also relies upon an insanity toll (see CPLR 208) to extend the statute of limitations period, his submission of medical records to show an overall inability to function in society (see McCarthy v Volkswagen of Am., 55 NY2d 543, 548 [1982]) was insufficient to raise a triable issue as to whether he was insane, or insane for a sufficient length of time to cover the gap of time between the date the applicable statute of limitations expired and the date the action was commenced (see Matter of Verdugo, 206 AD3d 577 [1st Dept 2022]).
Plaintiff's motion for renewal of NYPH defendants' motion was properly denied. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion (CPLR 2221[e] [2]-[3]; Vasquez v Manhattan Coll., 223 AD3d 601, 601 [1st Dept 2024]). Plaintiff did not offer a reasonable justification for not submitting the medical records on the NYPH defendants' original dismissal motion. Moreover, the records are insufficient to establish that plaintiff's mental condition rendered him unable to function in society, and particularly over a continuous period of time.
Plaintiff's further argument that the facts surrounding the NYPH defendants' treatment of the plaintiff would warrant application of the equitable estoppel doctrine to preclude the NYPH defendants' reliance upon a statute of limitations defense, is [*3]unavailing. The alleged additional material facts upon which plaintiff now relies for his equitable estoppel argument existed at the time of the original motion and could have been ascertained with due diligence (see Haussmann v Wolf, 187 AD2d 371, 373 [1st Dept 1992]). Moreover, as noted above, in a medical malpractice context, "application of the doctrine of equitable estoppel may not be based upon the same misrepresentation or act of concealment which form the basis of plaintiff's underlying substantive cause of action" (Safer, 39 AD3d at 257). Plaintiff has not alleged how subsequent and specific actions by the NYPH defendants, aside from its substantive allegations of concealment, somehow kept him from timely bringing this suit (see Putter, 7 NY3d at 552).
The branch of plaintiff's motion that sought renewal of his motion to compel Dr. Sublette to produce copies of her records regarding her psychiatric treatment of plaintiff is precluded by the doctrine of law of the case, as a court of coordinate jurisdiction already decided the issue (see Matter of Dondi v Jones, 40 NY2d 8, 15 [1976]), and the relevant circumstances remain unchanged. To the extent plaintiff's mother argues that it is she who seeks to compel production of Dr. Sublette's records this time, rather than plaintiff himself, the mother lacks standing in this litigation to compel the production of records for her own use. Moreover, as plaintiff cites no additional facts that were previously unavailable at the time of his original motion to compel, his motion, which was labelled one for renewal, is really one for reargument, the denial of which is nonappealable (see Lichtman v Mount Judah Cemetery, 269 AD2d 319, 320 [1st Dept 2000]).
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024